CASE 2—INDICTMENT—JUNE 10.

# Wood v. Commonwealth.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. COMPUTING TIME.—When the computation is to be made from an act done the day on which the act was done must be included, because, since there is no fraction of a day, the act relates to the first moment of the day on which it was done.

But when the computation is to be from the day itself, and not from the act done, the day on which the act was done must be excluded. (Chiles v. Smith's heirs, 13 B. Mon. 461.)

2. TIME TO APPEAL IN MISDEMEANORS.—Section 343 of the Criminal Code requires the record to be lodged with the clerk of the Court of Appeals *within sixty days* from the act of rendering the judgment, and therefore the day on which the judgment was rendered must be included therein.

3. Where a judgment was rendered November 19th and the record was filed January 19th following it was not within sixty days, even excluding the day on which the judgment was rendered.

JAMES SIMPSON, }
Z. GIBBONS, . . }  . . . . . . . . . For Appellant.

JOHN RODMAN, Attorney General, . . . For Appellee.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT.

A preliminary question raised by the motion of the attorney general to dismiss the appeal because the record was not lodged in the clerk's office of this court within sixty days after the judgment was rendered must be disposed of.

Section 342 Criminal Code confers appellate jurisdiction on this court in prosecutions for misdemeanors in the cases therein named; and section 343, *Ibid.*, provides that the appeal shall be prayed during the term at which the judgment was rendered, and shall be granted upon the condition that the record is

lodged in the clerk's office of the Court of Appeals within sixty days after the judgment.

In this case the judgment was rendered on the 19th of November, 1874, and the record was not lodged in the office of the clerk of the Court of Appeals until the 19th of January, 1875, which was not within sixty days, even if the day on which the judgment was rendered be counted out. But the rule, as laid down in Chiles v. Smith's heirs (13 B. Mon. 461), is that when the computation is to be made from an act done the day on which the act was done must be included; because, since there is no fraction in a day, the act relates to the first moment of the day on which it was done. But when the computation is to be from the day itself, and not from the act done, then the day on which the act was done must be excluded. (Bellaris v. Hester, 1 Lord Raymond, and authorities cited.)

By the section of the Code *supra*, the record must be lodged with the clerk of this court within sixty days from the act of rendering the judgment, so that it is evident, according to the rule stated, the day on which the judgment was rendered must be included; and that being done, the lodgment was not made in the office within the time prescribed, and consequently this court can not take jurisdiction of the case. (Commonwealth v. Adams, 16 B. Mon. 338.)

Wherefore the appeal is dismissed.