JUDGE COEER
delivered the opinion op the court.
The appellant was indicted in the Meade Criminal Court in December, 1876, for the offense of keeping a tippling- *162 house “in'said county.” The indictment was in the usual form, and did not allege at what particular place in the county the alleged offense was committed.
The Commonwealth introduced evidence establishing a prima fade case, and the appellant read in evidence a license granted to him by the Meade County Court licensing him to keep a tavern at his house in Garnettsville, in said county, with tfie privilege of retailing liquors therein, covering the time embraced by the indictment and evidence for the prosecution. ’
The Commonwealth then put in evidence from the order-book of the county court a certificate of the county judge, county clerk, and sheriff of Meade County certifying that “ at an election held in district No. 5, Garnettsville, in said county, on Saturday, the 1st day of May, 1875, being a general election, and the sense of the qualified voters of said district being taken on the question, ‘Are you in favor of the sale of spirituous, vinous, or malt liquors in this district/ upon due comparison and addition the vote stood thus: For, 116 votes; against, 158 votes.”
The appellant then introduced and read the order of the county court ordering the election to be held, and offered to prove that only four notices of the election had been posted in the district, and that they were not posted as much as twenty days before the day of the election. To this evidence the Commonwealth ^objected, and the objection was sustained.
The court instructed the jury in substance that the license read to them afforded the defendant no protection, and that if he had, between the 20th of November and the ¿¡0th day of December, 1876, sold spirituous liquors or wine, or a mixture of either, in a house in Garnettsville, to be drunk in the house where sold or on premises adjacent thereto, or so sold, and the same was drunk in the house where sold or on adjacent premises, they should find him guilty, if he so sold as often *163 as twice, of keeping a tippling-house, and if he sold but once, of retailing merely.
The jury returned a verdict of guilty of keeping a tippling-house, and the court rendered judgment thereon for $60, the fine prescribed by the General Statutes for that offense.
From that judgment this appeal is prosecuted.
The act of assembly generally called the “ local - option law ” (Bullitt & Feland’s Statutes, 946), provides in sections 1, 2, 3, and 4, for the holding of elections in cities, towns, and civil districts on the order of the county court, made pursuant to the petition of not less than twenty legal voters of such city, town, or district for the purpose of taking the sense of the legal voters thereof upon the proposition whether or not spirituous, vinous, or malt liquors shall be sold therein; and section 5 provides that if it shall be found that a majority of the legal votes east at the election provided for in the preceding sections was given against the sale of spirituous, vinous, or malt liquors, it shall be the duty of the examining board to certify that fact, which certificate shall be delivered to the county clerk, and by him safely kept until the next regular term of the county court, at which term the county judge shall have the same spread on the order-book of his court, and said entry of the certificate in the order-book, or a certified copy thereof, shall be prima facie evidence in all prosecutions under said act.
Section 6 provides that “ after the entry of the certificate of the examining board, as -above provided for, in the order-book of the county court, it shall be unlawful for any person to sell .any spirituous, vinous, or malt liquors in said district, town, or city to any person; and any person who sells any such liquors in said district, town, or city shall, upon conviction, be fined the sum of not less than $25 nor more than $100 for each offense.”
The appellant contends that inasmuch as the general law *164 empowers the county court to grant tavern-licenses, with the privilege of retailing liquors, and the “ local - option law ” does not declare that no such license shall be granted after there has. been a vote against the sale of liquors in any given locality, a license granted after that event is valid until reversed or annulled by a direct proceeding.
The act declares that after the certificate of the board of examiners is entered on the order-book of the county court, it shall be unlawful for any person to sell liquors in the district, town, or city to which the certificate applies. This language is plain, and needs no construction. That which the law denounces as unlawful can not be made lawful by a license granted by the county court. Such license is void, and can not afford protection against the penalties denounced by law against those guilty of the forbidden act.
It is also contended that the election and certificate are void if the requirements of the act were not strictly pursued in all matters relating to the election, and that as it is provided that the certificate when entered on the order-book of the county court is prima facie evidence, it is competent to introduce parol evidence on the trial of prosecutions for violating the act to show that its provisions were not complied with, and that it therefore never went into operation in consequence of the vote.
The only facts required to be certified by the examining board are that an election was held to take the sense of the qualified voters of the district, town, or city, upon the question whether or not spirituous, vinous, or malt liquors, should be sold therein, and that the majority of the legal votes cast were against such sale. As these are the only facts required to be certified, they are the only facts of which the certificate is any evidence at all.
It would therefore be competent to prove that the certificate is untrue in either or both of these respects, but it is not *165 competent to prove by parol evidence that the requisite number of notices were not posted, or that they were not posted the length of time before the election that the act requires. No provision is made for any inquiry into these questions. And when an order of the county court directing the election to be held, and a certificate of the result are produced and found in substantial compliance with the requirements of the act, the “local-option law” is prima fade in force in the district, town, or city to which the order and certificate relate, and the only question open for inquiry is, whether a majority of the legal votes cast in said election, that is, for and against the sale of liquors, was cast against such sale. .
On this issue the burden is on the defendant.
But we are of the opinion that in localities where the people have voted against the sale of liquor the act becomes operative as a whole, and suspends pro tanto all inconsistent laws. Being in force in precinct No. 5, in Meade County, it at the same time deprived the appellant of the protection his license would otherwise have given him, and relieved him from liability to the penalty denounced by the statute relative to taverns and tippling-houses. If he has violated the local-option law, he should have been prosecuted and punished under its provisions, and consequently had a right to have the fine against him fixed by the jury at not less than $25, nor more than $100, instead of having it fixed by the court at $60, as prescribed by the general law.
Morepver, as under the indictment in this case the Commonwealth could have proved the keeping of a tippling-house in any part of Meade County, we think the appellant could not be legally convicted under it of ah offense which he could only have committed in precinct No. 5.
An indictment under the act should charge the defendant with the offense of selling spirituous, vinous, and malt liquors without a license therefor, and contain a statement of the acts *166 done by him which constitute the offense, and of the place where the acts were done, as in civil district No. 5, in Meade County, and that the defendant had no license authorizing him to so sell. These averments are necessary to notify the defendant of the cause and nature of the accusation against him, and to enable him to prepare for his defense and% to plead the judgment in bar of a second prosecution.
Being notified by the indictment of the place where the offense is alleged to have been committed, he will be bound to take notice of the law of that place, and it will not be necessary to allege that the act is in operation in that place, or the facts which show that it is in operation. These may be proved on the trial, not as constituent parts of the offense, but as showing that the “local-option law” was in operation when the acts alleged were committed, and is the law by which he is to be tried.
Judgment reversed, and cause remanded for further proper proceedings.