CASE 54—MOTION—MARCH 25, 1882.

# Mooar v. Covington City National Bank.

### APPEAL FROM KENTON CIRCUIT COURT.

1. An execution may be replevied at any time before a sale is made under it.

2. Where a computation of time is to be made from the act done, the day on which it is done must be included.

3. The ninety days, including the 28th February (the day the bond was executed), expired the 28th May following, and on the 29th the execution was due.

4. The questions as to the regularity of the proceeding and the right of possession, are purely questions of law, and therefore a jury was not necessary.

5. All the necessary facts are set forth in the notice.

R. D. HANDY FOR APPELLANT.

1. There is no law authorizing the proceeding against the tenants of the execution debtor, and upon their motion the notice should have been quashed.

2. The court erred in refusing appellant a trial by jury.

3. The execution issued upon the replevin bond before it was due. (Bettis v. Bailey, 2 Bush, 608; Gen. Stat., chap. 21, sec. 245; Stockton v. Johnston, 6 B. M., 408; Childs v. Smith, 13 Ib., 461; White v. Crutcher, 1 Bush, 473; 11 Ib., 220; 12 Ib., 402; 2 Met., 437.)

BENTON & BENTON FOR APPELLEE.

1. The notice is sufficient. It contains every allegation required.

2. It has generally been decided that if a writing be made from date, the day is included. (Woods v. Patrick, Hardin, 457; Pollard v. Yoder, 2 Mar., 266; Ogden v. Redman, 3 Mar., 234; 4 Mon., 274; 1 Ld. Raymond, 84; 13 B. Mon., 461; 2 Doug., 463; 1 Brownlow, 156; 1 Met., 548; 1 Duv., 387; 1 Bush, 473; 14 Bush, 500; 4 Wash., 232.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This was a motion under section 9 of article 12, chapter 38, General Statutes, to recover the possession by the purchaser of real property sold under an execution. On the hearing of the motion, the apppellant Mooar urged various objections to the motion.

The execution, by virtue of which the sale was made, issued on a replevin bond. The condition of the bond is, that "Mooar, the principal, and his sureties, bind themselves, three months after date, to pay the Covington City National Bank the sum of $167," &c., dated the 28th of February, 1878.

The execution issued on the 29th of May, 1878, and when placed in the hands of the officer, the defendant in the execution surrendered the real estate sold for the purpose of satisfying the debt.

It was urged below, and is argued as a ground for reversal here, that the execution issued before the bond was due, and the sale is therefore void.

This court, in the case of Bettis v. Bailey, 2 Bush, adjudged that a sale under an execution, issued at the instance of the plaintiff upon a replevin bond before its maturity, conferred no authority on the sheriff to sell the property of the defendant, and the plaintiff being the purchaser, acquired no title to the property purchased.

The General Statutes provide that a month *shall be construed to mean a calendar month.* (Sec. 7, chap. 21.) The condition of the bond is, that *three months after the date hereof, the defendant will pay,* &c. It is insisted that, under such a bond, the computation of time is not from the act of signing, but is from the day following its execution, that is, as the money is to be paid three months after the 28th of February, that day is necessarily excluded. The rule is well settled that where the computation is to be made from the act done, then the day in which it is done must be included, but if to be made after or from the day itself, the day must be excluded. (Stockton v. Johnson, 6 B. M.;

Childs v. Smith, 13 B. M.; White v. Crutcher, 1 Bush; Hundley v. Cunningham, 12 Bush.)

Section 2 of article 8, General Statutes, provides that "any execution on a judgment which could be replevied before such execution issued *may be replevied for three months* at any time before a sale of the property under the same," &c.

The form of the bond is also found in the same section, and the entire section must be considered in determining the legal effect of the bond by which the plaintiff in the execution is prevented from proceeding to levy or sell under it. The defendant has the right to replevy the judgment for *three months*, and when the replevin bond is executed and delivered to the sheriff, the virtue of the execution is gone, and that writ must be returned. So, on the 28th of February, the day on which the bond in this case was executed (the act done), the plaintiff could no longer proceed with his execution, and from that time to the 28th of May following, and including the latter day, the replevy continued; but on the 29th of May, the three months having expired, the execution on the bond became due, and was properly issued. If the construction contended for by the appellant is adopted, the plaintiff would not be entitled to his execution until the 1st day of June, that is, excluding the 28th of February, the time would begin to run from the 1st of March and end on the 31st of May. The computation of time should begin with the execution of the bond and end in ninety days, unless the bond is dated on the 1st day of the month.

The ninety days in this case, including the 28th of February, the day the bond was executed, would expire on the 28th of May, and on the 29th the execution was due, and

the execution having issued on that day, the levy and sale under it was proper. If the bond had been dated on the 1st of February, then the months of February, March, and April would include the time during which no execution could issue, and the execution on such a bond would be due on the 1st of May.

By section 9 of article 12, chapter 38, General Statutes, it is provided, in substance, that the purchaser of lands sold under execution shall have the right, after obtaining a conveyance therefor, upon ten days' notice, in writing, to the defendant whose land has been sold, to a judgment for possession, if, upon the hearing, the court shall be of the opinion that he is entitled to the possession, &c. The proceedings on said motion shall be the same as under chapter 6, title 10, of the Civil Code of Practice. The appellant insists that he was entitled to a jury to try the question of appellee's right to the possession.

This was intended to be a summary proceeding, the plaintiff having obtained his judgment and levied his execution on the land of the appellee, all of which is not controverted, we see no reason why possession should not be delivered, as the questions as to the right of possession and the regularity of the proceeding are purely questions of law.

An objection is also raised as to the sufficiency of the notice upon which the motion for possession was based. In the notice is set forth a complete and definite statement of the steps taken in order to obtain the execution; the court in which the action was brought; that it had jurisdiction; the parties defendants to the action and the rendition of the judgment; the execution, levy, and sale under it; the property sold and its description, and the conveyance from the sheriff. All these facts are specifically alleged, and if true,

ˑentitled the appellee to his writ of possession. It was not necessary to allege in so many words that the plaintiff was the owner of the property, or to follow the form in an action of ejectment or in an action for the recovery of real prop-ˑerty. The facts stated show that the appellee is the owner as against the defendants to the motion, and that it is enti-ˑtled to the possession. It is also argued that the motion ˑshould have been dismissed because the notice says the execution was against C. H. Mooar, Scott, and others, and ˑthe motion for the possession is against Mooar, Alex. Brown, ˑand Pearson. The notice was served on Brown and Pearson for the reason, as stated in the notice, that they were the ˑtenants of Mooar, and in possession of a part of the property purchased. These parties appeared, or were at least noti-ˑfied, and made no defense whatever except as to the form ˑof the proceeding and the sufficiency of the notice.

Really, upon the face of the record it does not appear, except by the statement in the notice, that Brown and Pear-ˑson have any interest in the controversy. They have as-serted no interest whatever, or any right to the property or the possession as against the appellee, and therefore the judgment should be affirmed.