CASE 67—PETITION EQUITY—MARCH 17.

## Newsome v. Newsome.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

| 95 | 383 |
|-----|-----|
| 105 | 638 |
| 105 | 641 |
| 95 | 383 |
| e114 | 531 |
| 95 | 383 |
| 136 | 74 |

1. DIVORCE AND ALIMONY.— The provision of the statutes denying alimony to the wife, except "on a divorce obtained by her," was intended to apply only in that class of cases where a divorce obtained by the husband involves fault of the wife, and not in cases where either party may maintain the action without reference to which is in fault. Therefore the wife was entitled to alimony in this case, although the divorce was obtained by the husband, the divorce being granted upon the ground that the parties had lived apart five years. And where the divorce is granted upon such a ground the husband should be required, as was done in this case, to pay costs of each party without inquiring whether the wife is in fault.

2. SAME.—It would be oppressive in this case to require the husband to pay for the support of the wife $400 annually during her life or widowhood, as she may in due course of nature live unmarried twenty years, while he can not be reasonably expected to earn money by his own labor more than a few years longer. He should, therefore, be permitted to pay whatever may be amount of allowance in a gross sum, and in a reasonable time; and under all the circumstances and in view of what he has already paid by order of court, the sum of $1,000, payable as of the date of the judgment appealed from would be reasonable, the estate of the husband, consisting of houses and lots, being worth about $20,000, and the wife owning property given her by the husband worth $2,500, and also $500 in money.

MORRIS ESKRIDGE FOR APPELLANT.

1. The wife is not entitled to alimony upon a divorce granted to the husband.

2. The wife is not entitled to alimony where she is in fault. (Griffin v.
   Griffin, 8 B. M., 120; Cravens v. Cravens, 4 Bush, 437; Orr v. Orr, 8
   Bush, 160; Boggess v. Boggess, 4 Dana, 308; Hulett v. Hulett, 80 Ky.,
   365; Beall v. Beall, 80 Ky., 676; Butler v. Butler, 2 Litt., 201;
   Logan v. Logan, 2 B. M., 142; McCrocklin v. McCrocklin, 2 B. M.,
   270; Williamson v. Williamson, 12 B. M., 270.)
3. Even if the wife was entitled to alimony the amount allowed is too
   large.

SPRIGG & CHELF FOR APPELLEE.

The appellee is entitled to alimony, and the amount allowed is not only
   not too large, but should be increased. (2 Bishop on Marriage and
   Divorce, secs. 1006–1008, 1017, 1029, 1030, 1033, 1034, 1037; Fisher v.
   Fisher, 2 Litt., 337; Thornsberry v. Thornsberry, 4 Litt., 252.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee, Annie Newsome, brought this action for
divorce from bed and board for alleged cause of habitual
behavior toward her by the husband, Robert L. Newsome,
for not less than six months, in such cruel and inhuman
manner as indicates settled aversion to her. But he
made his answer a counter-claim, asking judgment for
absolute divorce for the cause they had lived apart with-
out cohabitation for five consecutive years next before
the application.

The lower court dismissed her petition, but rendered
judgment for divorce as prayed for in his counter-claim.
It was, however, further adjudged that he pay $100 fee
of her attorney in the action, also $400 annually during
her life or widowhood as alimony; and from that part of
the judgment he has appealed.

Section 28, chapter 26, General Statutes, provides that
"in actions for alimony and divorce the husband shall
pay costs of each party unless it shall be made to appear
in the action the wife is in fault and has ample estate to
pay the same." And section 6, article 3, chapter 52, con-

Newsome v. Newsome.

tains this provision: "If the wife have not sufficient estate of her own she may, on a divorce obtained by her, have such allowance out of that of her husband as shall be deemed equitable."

It will be observed that in the first section quoted one of the conditions of requiring the husband to pay all costs is that *it does not appear the wife is in fault,* while it is provided in the other that an allowance for alimony ·can be made *only on a divorce obtained by her.* And the ·question arises whether either proviso has application in a case like this.

Section 1, article 3, chapter 52, provides that for two special causes a divorce may be granted to both husband and wife: (1) Such impotency or malformation as prevents sexual intercourse    (2) Living apart without cohabitation for five consecutive years next before application.    But all other causes are therein classified thus: (1) Causes for which the party *not in fault* may have a divorce, such as adultery, abandonment, etc.    (2) Causes for which the wife, *when not in like fault,* may have a ·divorce; such as confirmed drunkenness, lewd behavior, ·etc.    (3) Causes for which the husband may have a ·divorce; as when the wife is pregnant by another man, without the husband's knowledge, at time of marriage, or when she is guilty of such lewd behavior as proves her unchaste.

Existence of each one of the causes so classified necessarily involves fault on part of the defendant in an action for divorce, and neither husband nor wife can maintain an action for any one of these causes if in like fault. But either may sue for and obtain a divorce by simply alleging and proving the fact they have lived apart,

without any cohabitation, for five consecutive years—no judicial investigation respecting cause of separation, nor inquiry as to who is in fault, in meaning of the statute, being required in order to determine the right to divorce.

It therefore seems to us, giving the statute a reasonable construction, the husband is required, in a case like this, to pay costs of each party without inquiring whether the wife is in fault. And as it is well settled an allowance for services of the wife's attorney, when legally authorized, may be taxed as costs, and no complaint is or could be fairly made the amount is excessive, it was not error to make it.

It seems to us equally manifest that provision of the statute denying alimony to the wife, except "on a divorce obtained by her," was intended to apply in that class of cases where a divorce obtained by the husband involves fault of the wife, not in cases like this, where, as either may maintain the action, it is not a material or legitimate inquiry, in determining the right, who is in fault.

The evidence shows the husband possessed of an estate worth about $20,000, consisting of houses and lots, rents from which, added to what he earns otherwise, make a yearly income of from $1,000 to $3,000, there being much conflict of testimony on the subject. The wife owns a lot upon which are two dwelling-houses, worth about $2,500, heretofore purchased for her by the husband; she has also about $500 in money.

The children are all of full age, and none of them, except the youngest daughter, who lives with her father, are dependent upon him for support.

In our opinion it would be oppressive, and probably in the end ruinous, to require appellant to pay $400

annually during appellee's life or widowhood. For she
may, in due course of nature, live unmarried twenty
years, while he can not be reasonably expected to earn
money by his own labor more than comparatively a few
years longer, thus taxing his houses, that will constantly
need repairs and may deteriorate, for the entire allowance.
He should, therefore, be permitted and required to pay
whatever may be amount of allowance in a gross sum
and in a reasonable time; and we think, under all the
circumstances and in view of what he has already paid
by order of court, the sum of $1,000, payable as of the
date of the judgment appealed from, would be equitable.

Wherefore the judgment is reversed and cause re-
manded for proceedings consistent with this opinion.