CASE 21—INDICTMENT—APRIL 3.


# Commonwealth v. Shelton.


APPEAL FROM LINCOLN CIRCUIT COURT.


1. CONSTITUTIONAL LAW—JOURNALS OF GENERAL ASSEMBLY NOT COMPETENT TO IMPEACH ENROLLED BILL.—The journals of the House and Senate are not admissible as evidence touching the manner in which an act was passed.

2. COMPUTATION OF TIME.—Under the general local option law which requires the election therein provided for to be held not earlier than sixty days "after the application" for such election is filed with the county judge, the day on which the application is filed should be counted as one of the sixty days.

3. LOCAL OPTION—INDICTMENT MUST ALLEGE FACTS SHOWING THE LAW TO BE IN FORCE.—Where a local option law by its terms is to go into effect in a particular territory only by a vote of the people thereof at an election therein, to be held only after certain conditions have been complied with, an indictment for a violation of such law to be good on demurrer, must allege facts which show that the act has been put in force as required by its terms. (Overruling Young v. Commonwealth, 14 Bush, 161.)

4. SAME.—An indictment under the local option law which charges that the county judge ordered an election upon the written petition "by a number of legal voters equal to 25 per cent of the votes cast in each of the precincts in said Stanford magisterial district at the last preceding general election" is defective, because the county judge was only authorized to order the election on the application "by written petition signed by a number of legal voters in each precinct of the territory to be affected" equal to 25 per cent., etc.


WM. J. HENDRICK, ATTORNEY-GENERAL FOR APPELLANT.


1. The principles announced in Norman, Auditor, v. World's Fair Commissioners, 14 Ky. Law Rep., 529, have no application in this case.

Commonwealth v. Shelton.

W. G. WELCH & W. H. MILLER FOR APPELLEE.

1. The indictment in this case is defective, because,

　(a) It does not allege that 25 per cent. of the legal voters of each precinct of Stanford magisterial district signed the petition asking for the election.

　(b) It does not show that 25 per cent. of the legal voters of the magisterial district petitioned for the holding of the election.

　(c) It shows that the election was held earlier than sixty days after the application was lodged with the county judge.

　(d) It shows that the petition was filed and the election held under the act of August 6, 1892, but the indictment is for an alleged violation of section 2557 of the Kentucky Statutes which was not passed until the 10th of March, 1894, and imposes a penalty upon those violating the provisions of the local option law.

2. It is manifest from the language of the statute, that the legislative intent was that the petition should be signed by a number of voters equal to 25 per cent. of the votes cast in each precinct of the territory to be affected, instead of 25 per cent. of the voters of the whole district.

3. If an indictment charges unnecessary facts, and by so doing shows that no offense has been committed, or that, as in this case, a law depending upon the sanction of a popular vote, has not been put in force thereby, the indictment is not good on demurrer.

4. The agreed facts in this case admit that the local option law was not passed in the manner required by section 46 of the State Constitution, and the act is therefore void. (Norman, Auditor, v. World's Fair Board, 14 Ky. Law Rep., 529.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The indictment charges that the accused, on the 15th day of May, 1895, unlawfully sold spirituous, vinous and malt liquors in Stanford magisterial district. The indictment is under the "Local Option Law." The election to determine whether or not liquors should be sold in the Stanford magisterial district was held under the local option act of 1892.

·It is contended the act is invalid because the Journals of the House and Senate relating to the passage of the act show a certain state of facts with reference thereto. The

Journals are not admissible as evidence for the purpose mentioned.   The act in question must be accepted as having been constitutionally passed.   (Lafferty, county judge v. Huffman, &c., *ante.*)

This question was so fully considered in the opinion in that case it is unnecessary to discuss it here.   The petition was lodged with the judge of the county court on the 25th day of January, 1894, and on the 26th day of March, 1894, the election was held.   The act provides that the election shall not be held "earlier than sixty days *after the application is lodged* with the judge."   It does not say sixty days after the day on which the application is made, but says after the application is lodged.   The time begins to run after t he act of lodging the application, not after the day on which the application is lodged.   In estimating the sixty days the day  on which the application for the election is made must be included, and sixty days had elapsed before the day on which the election was held.   This interpretation is in accord with numerous decisions of this court.   (Wood v. Commonwealth, 11 Bush, 220; Handley v. Cunningham's trustee, &c., 12 Bush, 401; Mooar v. Covington City National Bank, 80 Ky., 305; Chiles v. Smith, 13 B. M., 460.)

It follows the election is not invalid for the supposed reason that the required time had not elapsed from the time of the act of lodging the application therefor until the election.   The indictment alleges that "the judge of the county court of Lincoln county, upon a written petition which he had received and filed January 25, 1894, by a number of legal voters, equal to 25 per cent. of the votes cast in each of the precincts in said Stanford magisterial district at the last preceding general election, and which requested him to do so made an order," etc.

It is not alleged in terms that the application for the election was made by written petition, *"signed by a number of legal voters in each precinct"* of the magisterial district, equal to twenty-five per cent of the votes cast in each of said precincts at the preceding general election. It is insisted that the indictment should charge that the petition was *signed* by the legal voters, and further that the legal voters thus signing the petition were voters in Stanford magisterial district. The indictment charges that upon a written petition, received and filed January 25, 1894, by a number of legal voters, equal to twenty-five per cent. of the votes cast, etc., the order for the election was made directing the sheriff of the county to open a poll in the Stanford magisterial district for the purpose of taking the sense of the legal voters in the district as to whether liquors should be sold in the district. There is a failure to allege that the legal voters who presented the petition were such voters in the precincts of the Stanford magisterial district. It is only on the application "by written petition, signed by a number of *legal voters in each precinct of the territory to be affected*," equal to twenty-five per cent., etc., which authorizes the judge of the county court to make the order for the election. The indictment is defective because it fails to state the petition was by "legal voters in each precinct" of the Stanford magisterial district. It is essential that that allegation should be made, because the first section of the local option law requires that those signing the petition should be "legal voters in each precinct of the territory to be affected" by the election. The indictment is not defective because of a failure to allege the petition was signed. To say as the indictment does, that upon the written petition by a number of legal voters, etc., the order

for the election was made, imports that the legal voters presenting it had signed it.   This opinion (as have been many others by this court), is in conflict with Young v. Commonwealth, 14 Bush, 161.

That case was under the former local option law, which provided for taking the sense of the voters as to whether or not liquors should be sold in a given territory, and the court said:  "An indictment under the act should charge the defendant with the offense of selling spirituous, vinous and malt liquors without a license therefor, and contain a statement of the acts done by him, which constitutes the offense, and of the place where the acts were done, as in Civil District No. 5, in Meade county, and that the defendant had no license authorizing him to so sell."

In many cases the Young case has been followed, the court holding that when an act can only be put in force by taking the sense of the legal voters of a given territory the court can not take judicial notice of the acts which are essential to be done to put it in force.   In other words, the court does not judicially know the act, thus depending upon the will of the legal voters, has been put in force.   We think the better rule is to require the indictment to allege a state of facts which show that the act has been put in force as required by its terms.   In so far as this opinion is in conflict therewith, Young v. Commonwealth is overruled.

For the reasons we have given the judgment is affirmed.