CASE 79—DIVORCE AND ALIMONY—FEB. 11.

# Irwin v. Irwin.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. DIVORCE AND ALIMONY—PRACTICE—SUPPLEMENTAL PETITION.—
   After a final judgment decreeing a separation it is proper prac-
   tice to permit a supplemental petition setting up grounds for a
   divorce *a vinculo* which had matured since the original decree.

2. SAME—FIVE YEARS' SEPARATION—COMPUTATION OF TIME.—It
   seems that an action for divorce under the five years' separation
   statute instituted on July 10, 1897 upon a separation which
   began July 10, 1892, was not premature, but this court has no
   jurisdiction to revise the chancellor's ruling upon that question
   even if it had been erroneous.

3. SAME—ALIMONY.—The question of the wife's right to alimony
   does not depend upon whether the divorce was obtained by her
   or by her husband when the ground of divorce is the five years'
   separation statute but on the ultimate question whether the
   separation was without the wife's fault. Where, however, she
   has obtained a separation and alimony by a former decree this
   court will presume in the absence of evidence upon the sup-
   plemental petition that such separation was without her fault.

4. SAME—ALIMONY—COMPUTATION.—It appearing that the husband's
   estate is worth $15,000, and his gross income is about $5,000 a
   year, an allowance in gross of $7,500 with an annual allowance
   of $200 a year to support a daughter whose custody is adjudged
   to the mother, is held excessive. The allowance in gross is re-
   duced to $4,000, and the annual allowance is directed to be held
   subject to the further orders of the chancellor.

5. SAME—CUSTODY OF CHILDREN.—The right to the custody of the
   children which, *prima facie*, follows the duty of maintenance,
   will yield to the children's good, and the chancellor's judg-
   ment awarding a daughter to the mother and a son to the
   father, with the mutual right of seeing, at reasonable times, the
   child whose custody is awarded to the other will not be dis-
   turbed.

BENNETT H. YOUNG AND ARTHUR M. RUTLEDGE, FOR THE AP-
PELLANT.

1. A judgment granting a divorce is not appealable. Ky. Stats.,
sec. 950; Whitney v. Whitney, 7 Bush, 520; Evans v. Evans, 93
Ky., 510; Brown v. Brown, 16 Ky. Law Rep., 317; Morrison v.
Morrison, 10 Ky. Law Rep., 683.

2. This court will not reverse a judgment refusing the husband a
divorce on his counter-claim when the judgment grants the
wife a divorce on her petition, since the husband is by the
judgment as effectually freed from the bonds of matrimony as
if his prayer had been granted. Barret v. Barret, 11 Ky. Law
Rep., 287; Ross v. Ross, 11 Ky. Law Rep., 306.

3. Where the court has by its judgment fixed the custody of the
children, no change in the custody is proper except upon good
cause for such change being first shown.

SAME COUNSEL IN A SUPPLEMENTAL BRIEF TOUCHING ALONE THE
QUESTION OF THE CUSTODY OF THE CHILDREN.

KOHN, BAIRD & SPINDLE, FOR THE APPELLEE.

1. Though no appeal will lie to reverse a judgment of divorce, the
granting of alimony and the custody of children in the divorce
cause is appealable. Beall v. Beall, 80 Ky., 675; Davis v. Davis,
86 Ky., 32; Evans v. Evans, 14 Ky. Law Rep., 628.

2. To sustain a divorce on the ground of living apart five years, the
full period must have elapsed before the filing of the petition.
Ky. Stats., secs. 2117, 452.

3. The previous suit of Irwin v. Irwin, 96 Ky., 318, is not *res ad-
judicata* of any issue in this case. Bauder's Appeal, 115 Pa. St.,
480; s. c. 10 Atl. Rep., 41; Wahle v. Wahle, 71 Ill., 510.

4. Burden of proof to show title to alimony is on plaintiff. Bishop
on Marriage, Separation and Divorce, sec. 1079.

5. Alimony on absolute divorce is a creature of the statute, and is
awarded only on fault and as a punishment to one and damage
to the other. Nelson on Divorce, vol. 2, secs. 900, 902, 393a;
vol. 1, sec. 78; Bishop on Marriage, Separation and Divorce, secs.
829, 857, 861, 1005, 1006, 1007, 1008, 1009; Lacy v. Lacy, 95 Ky.,
113; Boggs v. Boggs, 4 Dana, 307; Woolfolk v. Woolfolk, 96 Ky.,
657; Lee v. Lee, 1 Duv., 196; Griffin v. Griffin, 8 B. M., 120; Ky.
Stats., sec. 2122; Morrison v. Morrison, 10 Ky. Law Rep., 683;

Stewart on Marriage and Divorce, sec. 263; Williams v. Williams, 130 N. Y., 193; s. c. 29 N. E., 98; Slack v. Slack, 22 Atl. 1080.

6. The rule that a defendant is to be punished for his failure to sustain his defense, for the first time announced in Irwin v. Irwin, 96 Ky., 318, is overruled. Johnson v. Johnson, 19 Ky. Law Rep., 822.

7. In fixing alimony, the conduct of the parties must be viewed, and in no case will the court grant more than what would be the then value of the wife's interest if the husband were dead. Thornberry v. Thornberry, 4 Litt., 251; Fischli v. Fischli, 2 Litt., 337; Pence v. Pence, 6 B. M., 496; Lockridge v. Lockridge, 3 Dana, 28; Beall v. Beall, 80 Ky., 675; Newsome v. Newsome, 95 Ky., 387.

8. All things being equal, the father will be given the custody where children are not very young. Adams v. Adams, 1 Duv., 169; McBride v. McBride, 1 Bush, 15; Bishop on Marriage, Divorce and Separation, vol. 12, secs. 1160, 1161, 1162; Greenleaf v. Greenleaf, 61 N. W., 42.

9. Where custody has been granted to the mother it will be changed if she teaches disrespect to the father. Sherwood v. Sherwood, 56 Iowa, 608.

10. If the wife abandon the husband, she will not be granted the custody. Carr v. Carr, 22 Gratt., 168; Latham v. Latham, 30 Gratt., 307; Oliver v. Oliver, 151 Mass., 349.

11. In law it is presumed, especially in divorce causes, that witnesses of the blood of the party calling them are prejudiced and therefore require corroboration. Canine v. Canine, 13 Ky. Law Rep., 125.

WM. H. HOLT, ON THE SAME SIDE.

1. A decree of divorce is not reviewable, but the question of fault is material on alimony and custody of children. Evans v. Evans, 93 Ky., 510; Lacy v. Lacy, 95 Ky., 110; Newsome v. Newsome, 95 Ky., 383.

2. The alimony allowed is excessive. Pence v. Pence, 6 B. M., 496; Lacy v. Lacy, *supra;* Newsome v. Newsome, *supra;* Gooding v. Gooding, (Nov. 25, 1898) ; 2 Bishop, Marriage and Divorce, 1029.

Irwin v. Irwin.

BENNETT H. YOUNG and ARTHUR M. RUTLEDGE, FOR THE AP-
PELLANT IN A PETITION FOR A REHEARING.

Counsel argued (1) the question of alimony and (2) the
question of the custody of Brown Clifton Irwin.

Citations: Canine v. Canine, 13 Ky. Law Rep., 125; Barret
v. Barret, 6 Ky. Law Rep., 288; Beall v. Beall, 80 Ky., 675;
The Thornberry case, 4 Litt., 253; McMahon v. McMahon, 4 L.
R., 888.

JOSEPH H. LEWIS, FILED A SUPPLEMENTAL PETITION FOR A REHEAR-
ING.

1. The alimony in gross should not be reduced.
2. The wife should be adjudged the custody of the son. McBride v.
McBride, 1 Bush, 15; Ellis v. Jessup, &c., 11 Bush, 403; Adams
v. Adams, 1 Duv., 167.

Brown Clifton Irwin, the infant whose custody was awarded
to the appelleee, tendered a petition in the nature of a petition
for a rehearing, protesting against being taken from the custody
of his mother.

WM. H. HOLT, FOR APPELLEE, IN RESPONSE.

Afterwards the petitions for rehearing were overruled with-
out any additional opinion.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This is the second appeal to this court from judgments
of the chancellor herein. The opinion on the former
appeal is reported in 96 Ky., 320 [28 S. W., 664, and 30 S.
W., 417].

By agreement between the parties, the evidence read
upon the trial of the former action was considered on the
trial in which the judgment appealed from was ren-
dered. The record of that proceeding shows that ap-
pellant left her husband's house on July 10, 1892,
in company with her brother, Creed Brown, taking with her
her two infant children, and that soon thereafter she in-
stituted a suit against appellee, in which she sought ab-

solute divorce, alimony, and the custody of her children, on the ground of cruelty and settied aversion,—the trial in that case resulting in a judgment giving her divorce from bed and board, and the custody of her two children, allowing her $125 a month alimony, and making appellee responsible for all costs, including $1,500 fees to her attorneys; and upon appeal of Joseph W. Irwin in that case the judgment of the chancellor was affirmed in toto.

Since that judgment, appellant has had custody of the two children, and appellee, in compliance with the order of court, has paid all the costs and the alimony adjudged; the case remaining upon the docket of the lower court.

. On July 10, 1897, appellant filed in the action a supplemental petition, in which she sought absolute divorce on the ground authorized by section 2117 of the Kentucky Statutes, viz. "living apart without any co-habitation for five consecutive years next before the application," and asked that she be permitted to retain custody of the children, and that $25,000 be allowed to her as permanent alimony.

Appellee, in his answer and cross petition, sought divorce upon the same ground, asked that the custody of the children be awarded him, and denied appellant's right to alimony. Upon the trial the court gave judgment for absolute divorce, awarded the custody of the daughter to appellant, with an allowance of $200 per annum for her support, to be paid quarterly by appellee, and allowed appellant $7,500 as permanent alimony, and gave to appellee the custody of the son, and made provision that each child should be permitted to visit that parent who did not have charge of him or her at suitable times; and we are asked by both parties to

Irwin v. Irwin.

review that judgment, and correct it in accordance with the contention of each.

It is the contention of appellee that the ground for divorce relied on in the supplemental petition of appellant is a distinct cause of action, and could not be properly set up by way of amendment in the pending action; and, in addition to this objection, it is insisted that it was prematurely filed; that the five-years separation did not expire until the eleventh day of July, 1897, and that, therefore, the judgment of divorce in favor of appellant was erroneous, and should have gone in favor of appellee on his cross petition.

It was held by this court in Chiles v. Smith's Heirs, 13 B. Mon., 460, "that the rule in regard to the computation of time is that, when the computation is to be made from an act done, the day on which the act was done must be included, because, since there is no fraction in a day, the act relates to the first moment of the day on which it was done; but when the computation is to be made from the day itself, and not from the act done, there the day in which the act was done must be excluded." And the rule announced in that case has since been adhered to in decisions of this court.   See Batman v. Megowan, 1 Metc., 533; Mallory & Co. v. Hiles, 4 Metc., 53; Long v. Hughes, 1 Duv., 387; White v. Crutcher, 1 Bush, 472; Wood v. Com., 11 Bush, 220; Hundley v. Cunningham's Trustee, 12 Bush, 402; Mooar v. Covington City National Bank, 80 Ky., 305; and Com. v. Shelton, 99 Ky., 120 [35 S. W., 128], etc.

But even if we concede the contention of appellee, that the ground of divorce relied on in the supplemental petition is "a status," and did not begin to exist until the first whole day of its existence, to wit, the eleventh day of

July, 1892, and that the supplemental petition was prematurely filed, it does not seem to us that this is a question of any importance on this appeal, as section 950, Kentucky Statutes, provides that "no appeal shall be taken to the Court of Appeals to reverse a judgment granting a divorce." The judgment of the chancellor on this question is a finality, and can not be reviewed here. See Whitney v. Whitney, 7 Bush, 520; Evans v. Evans, 93 Ky., 510, [20 S. W., 605]; and Brown v. Brown, 16 Ky. Law Rep., 317. And it was held in Barret v. Barret, 11 Ky. Law Rep., 287, and in Ross v. Ross, Id., 306, that this court would not reverse a judgment of divorce, even though the court erred in dismissing the husband's petition, as the effect of the judgment in favor of the wife was to free him from the bonds of matrimony just as effectually as if his petition had been sustained.

The question as to which of the two parties procured judgment does not in any wise affect the wife's right to alimony, under the statute. It has been held by this court "that this right is not confined to cases in which the divorce is obtained in a suit instituted by the wife. . . . The statute was intended to apply to all cases where the separation occurs without the wife's fault, and embraces cases where she is entitled to alimony, although divorce may have been obtained by the husband on the ground that the parties had lived apart five years." See Davis v. Davis, 86 Ky., 32, [4 S. W., 822] ; Lacey v. Lacey, 95 Ky., 110, [23 S. W., 673], and Newsome v. Newsome, 95 Ky., 383, [25 S. W., 878].

Although the facts relied on in the supplemental petition are not the same grounds for divorce relied on in the original petition, yet, as they are additional grounds for the same relief, we see no reason why they should

Irwin v. Irwin.

not be set up in the pending proceeding as well as in an original action; and this might very appropriately be done, as in the pending action the exact status of the parties had been determined. Since the original judgment found that appellant was without fault, it must be presumed that this fact continued to exist throughout the five-years separation; and the burden is upon appellee to show that since the entry of that judgment he has made efforts in good faith to effect a reconciliation with appellant, and resume in good faith the duties and obligations imposed upon him as a husband. It was his duty to have extended the olive branch, and to have made atonement for the wrongs and injuries inflicted upon appellant previous to the original separation. In the absence of such proof, we think the court was authorized to presume that the fault of the separation continued with him, and not with appellant.

It was not the intention of the statute that a wife should be awarded alimony without reference to the question as to whether she was at fault or not, where the divorce is granted solely upon the ground of living separate and apart. The question of fault on the part of a wife is always material in passing upon the question of alimony; but, as stated before, in the absence of any testimony on this point in the second proceeding, she was entitled, in the final judgment of divorce, to reasonable alimony.

The chancellor found the estate of appellee to be worth about $15,000, all of which was invested in real estate, and none of which was producing any revenue, except the house occupied as a dwelling, but that appellee was earning, in gross, about $5,000 a year from his profession, a large part of which was necessarily expended

in the performance of his professional duties. And the testimony shows that the wife has some personal property, and that her father is in comfortable financial condition.

It was said by this court in the recent case of Gooding v. Gooding, 20 Ky. Law Rep., 955 [47 S. W., 1090], quoting from Mr. Bishop's recent edition of Marriage and Divorce (volume 2, section 1029): "It has been said that in England 'one-third of the husband's income is the usual rate at which permanent alimony will be allotted;' and this appears to be indicated by various English cases. We have Americans ones, perhaps, a little like these; but, on the whole, there has not hitherto existed any sufficient ground for saying that we have any matter of course rule of any sort. In both countries alike, the proportion may be greater than one-third, or it may be less. . . . In a case where no part of the property came from the wife, Sir John Nicol deemed one-third a liberal allotment." And there has been no fixed rule laid down in this State for determining what amount of alimony should be allowed. In the early case of Thornberry v. Thornberry, 4 Litt., 252, this court held that "in a divorce proceeding, where a divorce has been awarded the wife, and her conduct is blameless, an allowance equal to what the law gives her on the death of her husband is deemed reasonable." And, so far as we have been able to discover, no greater amount of alimony has been allowed the wife, especially where the burden of supporting the children has been put upon the husband.

In Beall v. Beall, 80 Ky., 675, the court held that a judgment for alimony amounting to one-third of the husband's estate was excessive, referring to the fact "that the father of appellee was living and was in good circumstances, that

she brought no estate to the husband, and that a much smaller sum should have been allowed for future support;" and the allowance was reduced from $3,500 to $2,000.

In Pence v. Pence, 6 B. Mon., 496, the husband's estate was worth from $12,000 to $15,000; and the wife, having $1,000, was allowed against the husband $750.

In Newsome v. Newsome, 95 Ky., 383, [25 S. W., 878], where the husband had an estate of $20,000, with a yearly income of from $1,000 to $3,000, and the wife possessed an estate of $2,500 or $3,000, it was held that it would be oppressive, and in the end ruinous, to require the husband to pay $400 annually during the wife's life or widowhood. In lieu thereof, the court directed that she should be paid the lump sum of $1,000.

Appellee has been compelled to pay large sums by way costs and alimony, and it is oppressive and unreasonable to give to appellant one-half of his entire estate, and leave upon him the burden and expense of supporting and providing for the children. In our opinion, an allowance of $4,000 by way of alimony is all that should be awarded to appellant.

Upon the question of the custody of the children, as the law and judgment in this case impose upon the appellee the duty of providing for their support, he is *prima facie* entitled to their custody; "but the good of the children is universally deemed to be the leading consideration to which the claim of all other persons must yield." See 2 Bishop on Marriage and Divorce, sections 1161, 1162, and McBride v. McBride, 1 Bush, 15. The son is now sixteen years of age. He is rapidly approaching manhood, and needs the instruction and discipline which a father can best give. The testimony shows conclusively

[41]

that appellee is exceptionally well qualified to discharge these duties to his son. Necessarily the obligation of fitting the son for the duties of life must from this time forward be upon the father, and we think the chancellor properly adjudged the custody of the son to the father, and of the daughter to the mother.

Whilst the allowance of $200 for the maintenance of the daughter may not be sufficient as she grows older, and the necessities of her position in society increase the cost of living, yet that is a matter over which the chancellor has absolute control, and he can change it at any time; but for the present the allowance will not be disturbed.

It seems to us that the provision made in the judgment, giving to each parent opportunities to be with and enjoy the society of the children, is fair, and should not be disturbed.

The judgment is affirmed on original appeal, and reversed on the cross appeal of appellee. The allowance of alimony is reduced from $7.500 to $4,000, with interest from date of judgment.