### In re VAN DA GRIFT MOTOR CAR CO.

(District Court, W. D. Kentucky. February 3, 1912.)

BANKRUPTCY (§ 139*)—PROPERTY OF BANKRUPT—TERMINATION OF LEASE—UNLAWFUL DETAINER.

Civ. Code Prac. Ky. §§ 452-469, provide for the recovery of real property by forcible entry and detainer proceedings; section 463 provides for appellate proceedings by filing a traverse of the proceedings within three days thereafter; and section 461 declares that, if the party against whom the inquisition is found fails on or before the third day to file a traverse, the justice shall issue a warrant of restitution of possession. *Held*, that where, in unlawful detainer proceedings before a justice, a verdict was rendered in favor of a landlord, and the tenant did not exercise his right of appeal, but a few hours before such right would have expired by limitation filed a voluntary petition in bankruptcy, and the trustee, when appointed, filed no traverse and took no steps to appeal, the lease was terminated, and the trustee had no

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

rights thereunder which he could sell as assets of the bankrupt's estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 139.*]

In the matter of bankruptcy proceedings of the Van Da Grift Motor Car Company. On certificate of the referee, with reference to the existence of a lease.

J. R. Duffin and S. M. Sapinsky, for trustee.

D. A. Sachs, Jr., for landlord.

EVANS, District Judge. In this case the referee has certified to the court a question which he thus expresses:

"That in the administration of the bankrupt estate a question has arisen between the bankrupt's trustee and the landlord of the premises leased to the bankrupt as to whether or not the leasehold to property at Seventh and Broadway, in the city of Louisville, Ky., is an asset which can be sold by the trustee for the benefit of the estate; and objections have been made by the landlord to the order of sale, which your referee has entered, but the execution of which the trustee has, under the instructions of your referee, suspended until the question can be determined, either by your honor, or by some one else that you may designate. Your referee would therefore respectfully certify this question, that your honor may make such disposition thereof as may be deemed best, and, if proper, your referee would suggest that the question raised by the landlord's [H. H. Baumeister's] objections to the sale of such leasehold might be referred to a special master to report the facts for your honor's decision."

The essential facts, according to the stipulation of the parties accompanying the certificate, are found to be as follows:

The bankrupt, as a tenant under a written lease set forth in the stipulation and dated August 1, 1910, held possession of the premises previous to December 4, 1911. On that day, upon complaint of the landlord, a writ of forcible detainer in due form was issued by Frank Dacher, Esq., a justice of the peace, against the bankrupt. It was made returnable on December 7th. On that day a trial was had, and the jury impaneled to try the issues returned a verdict in this language:

"We, the jury, find the defendant guilty of the forcible detainer complained of."

No traverse of the verdict of the jury was filed by the tenant, nor was any proceeding in the nature of an appeal to the circuit court taken, either on the 7th, after the verdict was returned, or on the 8th or on the 9th of December. Instead, at 2:30 p. m., on the 9th, the tenant filed a voluntary petition in bankruptcy, and shortly afterwards on that day the adjudication was made. On December 13th a writ for the restitution of possession to the landlord was issued and placed in the hands of a proper officer, who in due course executed it, and thereby possession of the premises was given to the landlord by December 16th. The trustee was appointed on December 27, 1911; but he has never filed any traverse of the finding of the jury, nor has he taken or attempted to take any appellate proceedings in the state court.

These being the facts, the law seems to be clear enough. Proceed-

ings in forcible detainer cases are regulated by sections 452 to 469, inclusive, of the Civil Code of Practice, and these provisions seem to have been pursued in this instance. Section 463 provides for appel-late proceedings by filing a traverse of the verdict within three days, and section 461 provides that, if the party against whom the inquisi-tion is found shall fail on or before the third day after the finding of the inquest to file a traverse, then the justice shall issue a warrant of restitution of possession of the premises.

The justice of the peace, at the time the writ of forcible detainer was issued in this instance, and at the time of the inquest, plainly had lawful jurisdiction under the law of Kentucky to hear and determine the case before him. He did so in due course, having the assistance of a jury in ascertaining the facts. We may well presume that the facts were truly found. The essential fact judicially ascertained was that the premises were forcibly detained by the tenant from the land-lord. This result could not have been reached unless one or more of the essential conditions of the lease had been violated or not complied with. This was all before (nearly three days before) the petition in bankruptcy was filed. Under such circumstances we know of no authority this court has to review or to reverse the judgment of the state court in a case there pending and which had regularly and law-fully progressed so far as practically to be determined and ended be-fore the proceeding in bankruptcy was begun in this court; the only thing remaining open being an opportunity to exercise the right of appeal, which right would in a few hours expire by limitation. A revision of the proceedings in the justice's court could only have been had in the Jefferson circuit court, after a traverse had been filed with the justice within three days after the verdict. This was not done. On the contrary, availing itself of its rights, the bankrupt waited nearly three days, and then chose not to file a traverse, but to go into bankruptcy. See Irwin v. Irwin, 105 Ky. 632, 49 S. W. 432, for rule for estimating time in such cases.

The bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), avoids certain mortgages, liens, and attach-ments made or created within the four months next preceding the commencement of proceedings in bankruptcy; but that suits like a writ of forcible detainer may progress to a finality is clear from the fact that no provision to the contrary is made. True, section 11 pro-vides that a suit which is founded upon a claim from which a dis-charge would be a release may be stayed by the bankruptcy court; but manifestly a writ of forcible detainer is not such a suit. That section also authorizes the court to require the trustee to enter his appearance and defend any pending suit; but no application for such an order has been made. On the contrary, the trustee elected to pursue another course.

If we assume that the right to take appellate proceedings in the state court passed to the trustee, and that the flow of time was inter-rupted and suspended for the period intervening between the adjudi-cation on December 9th and his election on the 27th, nevertheless time must have resumed its flow on the latter date. The trustee has

never filed a traverse within three days, or at a^r but instead now asks this court to disregard, and in effect to reverse and set aside, the perfectly valid proceedings in the state court, whereby the bankrupt was ousted of the leasehold premises in the way stated. We are wholly unwilling to do this.

We hold that the trustee has now no interest in the premises referred to in the certificate, and that its lately existing leasehold is not an asset, vendible or otherwise, in his hands, however much, if the landlord agrees, he may use the premises at a fair rental, to be paid to the landlord as a part of the expense of administering his trust.

An order accordingly will be entered for the guidance of the referee.