RENDERED: NOVEMBER 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1347-MR

NICHOLAS MARTIN        APPELLANT

v.        APPEAL FROM CLARK CIRCUIT COURT
HONORABLE NORA J. SHEPHERD, JUDGE
ACTION NO. 15-CI-00490

KIMBERLY D. MARTIN        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, K. THOMPSON, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Nicholas Martin appeals from an order of the Clark

Circuit Court which denied his Kentucky Rules of Civil Procedure (CR) 60.02

motion seeking to vacate a divorce decree. Appellant argues that the trial court

made errors in evaluating the evidence, made erroneous findings of fact, and made

errors in interpreting statutory law. We find that the trial court did not err in denying Appellant's CR 60.02 motion and affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant and Kimberly Martin were married on April 2, 2011. No children were born from the marriage. The parties separated around October 10, 2015, and Appellee filed a petition for dissolution of marriage around a month later. A trial was held on November 14, 2018. The trial court entered an extensive decree of dissolution on October 24, 2019, which set forth which party was to get what marital property. It also awarded each party his or her nonmarital property. No appeal was taken from this judgment. On August 10, 2020, Appellant filed the underlying CR 60.02 motion. The motion attacked the findings and legal conclusions the court made in the divorce decree. A hearing was held on September 15, 2020, and on September 30, 2020, the trial court entered an order denying the motion. This appeal followed.

## ANALYSIS

As stated above, Appellant is appealing the denial of his CR 60.02 motion. CR 60.02 states:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move

for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

Specifically, Appellant alleged errors concerning CR 60.02(a), (c) and (d).

> Our standard of review of a trial court's denial of a CR 60.02 motion is whether the trial court abused its discretion. The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."
>
> . . . The decision as to whether to grant or to deny a motion filed pursuant to the provisions of CR 60.02 lies within the sound discretion of the trial court. The rule provides that a court may grant relief from its final judgment or order upon various grounds. Moreover, the law favors the finality of judgments. Therefore, relief may be granted under CR 60.02 only with extreme caution and only under the most unusual and compelling circumstances.

*Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011) (citations omitted).

> CR 60.02 "is designed to provide relief where the reasons for the relief are of an extraordinary nature." A very substantial showing is required to merit relief under its provisions. Moreover, one of the chief factors guiding the granting of CR 60.02 relief is the moving party's

ability to present his claim prior to the entry of the order sought to be set aside.

*U.S. Bank, NA v. Hasty*, 232 S.W.3d 536, 541-42 (Ky. App. 2007) (citations omitted).

> In those instances where grounds . . . for relief under a 60.02 motion are such that they were known or could have been ascertained by the exercise of due diligence prior to the entry of the questioned judgment, then relief cannot be granted from the judgment under a 60.02 proceeding. Relief afforded by a 60.02 proceeding is extraordinary in nature and should be related to those instances where the matters do not appear on the face of the record, were not available by appeal or otherwise, and were discovered after rendition of the judgment without fault of the party seeking relief.

*Bd. of Trustees of Policemen's & Firemen's Ret. Fund of City of Lexington v. Nuckolls*, 507 S.W.2d 183, 186 (Ky. 1974).

Here, all the issues raised by Appellant concern the trial court's findings of fact, conclusions of law, division of assets, and the weighing of the evidence. These are all issues that should have been raised on direct appeal. After the decree of dissolution was entered, Appellant should have appealed from that decree within 30 days pursuant to CR 73.02.

## **CONCLUSION**

CR 60.02 was not the proper avenue to appeal the issues raised by Appellant. He should have appealed the divorce decree directly to this court back

-4-

in 2019. The trial court did not abuse its discretion in denying the CR 60.02 motion.

We also note that we are unable to review this appeal on the merits for another reason. Appellant did not appeal the divorce decree and did not designate the recording of the divorce trial as part of the record on appeal. This means that the recording of the trial is not in the record before us and we are unable to fully review the evidence and testimony presented at the trial. Appellant is responsible for ensuring the complete record is before this Court. *Gambrel v. Gambrel*, 501 S.W.3d 900, 902 (Ky. App. 2016). The failure to make sure a recording of the divorce trial was part of the record also prohibits us from reversing the trial court's judgment on appeal.

Based on the foregoing, we affirm.

GOODWINE, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS AND FILES SEPARATE OPINION.

THOMPSON, K., JUDGE, CONCURRING: I agree with the majority Opinion that Nicholas Martin was not entitled to relief pursuant to Kentucky Rules of Civil Procedure (CR) 60.02 as a work-around to an untimely appeal.

I write separately to clarify that while the majority opinion repeatedly uses the term "divorce decree" as shorthand for the decree of dissolution which

both dissolved the marriage and divided the marital property, the majority opinion should not be interpreted as implying that the dissolution of the marriage itself is subject to review on direct appeal or otherwise. As explained in *Clements v. Harris*, 89 S.W.3d 403, 404 (Ky. 2002):

> Generally, a decree of dissolution of marriage is not subject to review before an appellate court of the Commonwealth. Section 115 of the Kentucky Constitution provides that "the General Assembly may prescribe that there shall be no appeal from that portion of a judgment dissolving a marriage." In 1976, the General Assembly enacted KRS 22A.020(3), which provides that "there shall be no review by appeal or by writ of certiorari from that portion of a final judgment, order or decree of a Circuit Court dissolving a marriage." In addition, for well over a century, appellate courts of the Commonwealth have consistently held that a judgment granting a dissolution of marriage is not appealable or subject to appellate jurisdiction. *Whitney v. Whitney*, 70 Ky. (7 Bush) 520 (1870); *Irwin v. Irwin*, 105 Ky. 632, 49 S.W. 432 (1899); *DeSimone v. DeSimone*, Ky., 388 S.W.2d 591 (1965); *Drake v. Drake*, Ky.App., 809 S.W.2d 710 (1991).

*But see Age v. Age*, 340 S.W.3d 88, 93 (Ky.App. 2011) (explaining an exception exists to allow the appeal of a judgment of dissolution when it is void).

While it is clear from the briefs and attachments that Nicholas's CR 60.02 motion concerned his attempt to challenge the property classification and division, rather than the dissolution of the marriage, future readers of this opinion do not have the benefit of such materials and require a cogent explanation instead.

-6-

Therefore, I concurred to clarify this matter so as to prevent future misinterpretations of this decision.

Accordingly, I concur.

BRIEFS FOR APPELLANT:

Nicholas Martin, *pro se*
Winchester, Kentucky

BRIEF FOR APPELLEE:

David M. Ward
Winchester, Kentucky