CHANCERY.      **Smith** *vs* **Cassity.**

*Case* 49.      ERROR TO THE BATH CIRCUIT.

*Limitation. Writs of error. Illegality of consideration.*

*January 20.*    CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

In computing time under the statute limiting writs of error, the rule is to exclude one day and include the other.

THE decree having been rendered on the 25th day of September, 1845, and the writ of error sued out on the 25th day of September, 1848, the full period of three years had not expired after the rendition of the decree before the issuing of the writ. The universal rule of computing time from one day to another, is to exclude one and include the other. Excluding the day on which the decree was rendered, the writ issued on the last day of the third year, and was therefore within the time allowed by the statute. The plea setting up the bar by time, is consequently unavailing.

Taking up the case upon the merits, we are of opinion, that even assuming that Smith had on some occasion stated that the note on which the judgment en-

joined was obtained, was executed solely in considera-tion of usurious interest on a previous debt, and that he made this statement to aid the obligor in practising a fraud on a third person, it would not follow that such admission should have a conclusive effect in favor of the obligor, for the furtherance of whose illegal and fraudulent purpose it was made. Such an admission might be conclusive in a contest between Smith and the person intended to be defrauded, and especially if the interest involved had been acquired in consequence of the admission. But to make it conclusive in favor of the party who was to be thereby enabled to defraud others, and who not only participated in, but probably originated the fraudulent device, and who was certain-ly neither deceived nor injured by the admission, and on the ground of such estoppal, to relieve the obligor from payment of a debt evidenced by a judgment against him, would be going farther than the principle of law and the policy applicable to illegal transactions either requires or authorizes.

The note if executed upon a legal and sufficient con-sideration, did not become illegal or void by being af-terwards used or spoken of for an illegal purpose. Its validity as between the parties, was therefore not af-fected by a subsequent admission that it was execu-ted for usury, made for an illegal purpose entertained by the obligor, any more than if it had been made with-out any view to such illegal purpose. And although such admission, made under any circumstances, may be evidence of the fact against the party admitting it, its force is greatly weakened, if not entirely destroyed, when it appears to have been made in furtherance of a fraudulent or illegal design, concurred in by both parties for the benefit of the obligor.

On grounds of public policy and of self preservation, the law, and the Court as its minister and guardian, will not aid in the enforcement of a contract having for its object or consideration a violation of the law. And this principle operates for the benefit of the party sought to be made liable, not for his sake, but for the sake of the law and the public. But the principle does

SMITH
*vs*
CASSITY.

not extend to the forfeiture or destruction of a lawful contract, because after it was entered into it may have been used, or intended to be used, for an illegal purpose of the obligor, or because in aid of such a purpose, it may have been admitted to be usurious, or without consideration by the obligee. It is due to good morals and to public policy, that such an admission should have weight as evidence against the party making it. But the public is interested in the enforcement of lawful contracts, as well as in the suppression of illegal transactions. And if pure morality would prohibit the obligee from contradicting, for his own benefit, his own false admission, gratuitously made for the benefit of the obligor, it is at least as clear that it would also prohibit the obligor from avoiding the performance of his lawful contract, by relying on the falsehood thus admitted.

If then, Cassity coming into a Court of conscience,

'A contract valid and upon good consideration, does not become invalid by being used for an unlawful purpose.

may allege a fact known to be untrue, and may rely upon an admission of it by the other party as evidence, he certainly cannot rely upon the fact that the admission was made in furtherance of his own unlawful design, intended for his own benefit in fraud of others, to make the admission conclusive. And conceding that Smith, the obligee, is also precluded from relying upon the same fact to diminish the force of the admission, the question whether the note was executed solely upon a usurious consideration, rests upon the pleadings and evidence, irrespective of the fraudulent purpose intended to be aided by the admission, and which is really entitled to no effect upon the validity or enforcement of the contract.

Considering ourselves therefore, as being at liberty to inquire into the truth of the fact, unaffected by any estoppal, we are of opinion, that although some indefinite amount of usurious interest may have been included in the note in question, it was not to any great extent usurious, but had for its principal consideration the unpaid purchase money for a tract of land sold by Smith to Cassity, and was executed on a settlement of what remained due after throwing out of the original purchase, a portion of the land, which it was found that

Smith could not convey.   If Cassity had produced the
deed executed to him on that occasion, it might have
shown, in connection with the statement of the trans-
action as concurred in by both parties, the true sum then
due, and the true amount of the usury.   His improba-
ble charge, that the entire note was usurious, and his
failure to produce the deed, authorize the inference that
there was, as alleged by Smith, a very small amount of
usury included in the note.    And as Cassity relies whol-
ly upon the admission of Smith, above referred to, that
the entire note was usurious, which is untrue, we think
Smith's denial in his answer that more than two dollars
of usury was included, is entitled to prevail, and espe-
cially as the proof shows that the land was worth a
much larger sum than the whole amount of the note,
added to the only payment pretended to have been
made.

Wherefore, the decree is reversed, and the cause re-
manded, with directions to render a decree perpetually
enjoining two dollars of the judgment, with the inter-
est thereon from the maturity of the note, and dissolv-
ing it with damages as to the residue.

*Apperson and Chiles* for plaintiff; *Hazlerigg* for de-
fendant.