CASE 7—PETITION EQUITY—JUNE 12.

# Jones's executrix, &c. v. Finnell & Winston.

### APPEAL FROM OWEN CIRCUIT COURT.

HOW APPEALS ARE PROSECUTED IN THE COURT OF APPEALS.—When no appeal is granted by the inferior court the appeal is taken by application to the clerk of the Court of Appeals by filing the record with him, with the names of the parties appellants and appellees, and as matter of right he must grant the appeal.

Suing out a summons against the appellee is not made a requisite to the granting the appeal, and is not necessary to secure an appeal.

The appeal is taken by, and dates from, the filing of the record with the clerk of the Court of Appeals.

T. N. & D. W. LINDSEY, . . . . . . For Appellant.

GEORGE C. DRANE, . . . . . . . . For Appellee.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT.

The judgment in favor of appellees Finnell & Winston was rendered against appellants on the 18th day of May, 1866, and no appeal granted by the court rendering said judgment.

On the 28th of January, 1869, a copy of the record was filed with the clerk of this court, with the following indorsement by the attorneys: "J. Jones's ex'x v. A. Jones, &c. Original appeal. Summons to Gallatin County: against Virgil McClure and W. H. Keene. Parties all live near Warsaw, Ky. Judgment appealed from is to be found on pages 62, 83, 86. Lindsey & Brown, for appellants." "Jones's ex'x and G. Garnett v. Finnell & Winston. Judgment on p. 62 appealed from. T. N. Lindsey for Jones & Garnett."

It appears from the clerk's indorsement on the record that the tax was paid and summons issued to Gallatin County

against McClure & Green on the day the record was filed; but it does not appear that any summons was ever issued against Finnell & Winston.

On the 29th of June, 1869, from the clerk's indorsement, it appears that briefs were filed by appellants and appellees, and the cause was submitted; and September 22, 1869, the judgment in favor of Finnell & Winston and the other appellees was reversed by this court.

In September, 1870, Finnell & Winston moved the court to set aside judgment of this court as to them on the ground that no summons was served on them, and they never appeared in the case, in person or by counsel, before the case was submitted.

On the 28th of October, 1870, their motion was sustained, and the opinion and mandate of the 22d of September, 1869, reversing the said judgment in favor of Finnell & Winston, was set aside; and in the opinion then delivered by this court (7 Bush) it is said, "And the appeal of Jones's executrix and Garnett v. Finnell & Winston will be regarded as still pending, and will be set for trial at the next term of this court; and as the appellees have appeared in the case no summons against them will be necessary."

After said opinion was rendered a plea of the statute of limitations was filed by appellees, who insist that there was no appeal against them until they entered their appearance in the case to have the opinion and mandate against them set aside, and then more than three years had elapsed since the rendition of the original judgment from which the appeal was prosecuted; and that presents the principal question in the case, as it seems to be yielded that the judgment of the court below can not be sustained if the appeal is not barred.

By the memorandum of the attorney for appellants, made, as we must assume, when the record was filed, Finnell & Winston are made appellees, and the appeal was granted by

the clerk, as is manifest by the reception of the tax and issuing the summons against McClure & Green.

Section 876 of the Civil Code provides that the mode of bringing the judgment or final order of an inferior court to the Court of Appeals for reversal or modification shall be by appeal, which shall be granted, as matter of right, either by the court rendering the judgment or order on motion made during the term at which it is rendered, or by the clerk of the Court of Appeals on application of either party.

That the appeal in this case was granted by the clerk of this court is not questioned by counsel for appellees; but he insists that no appeal was granted against Finnell & Winston because no summons was issued against them; that, in analogy to the commencement of an action in an inferior court, an appeal should not be regarded as pending until the record is filed with the clerk and a summons issued, when the appeal was not granted by the court below.

This argument is plausible, and the analogy might be applicable but for the express provisions of the Civil Code, by section 65 of which it is expressly declared that "a civil action is commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to issue thereon." Whereas the mode of prosecuting an appeal to this court, when it was not granted by the court rendering the judgment, is by application to the clerk of this court, by filing the record with him, with the names of the parties appellants and appellees, and as matter of right he must grant the appeal. By section 876 of the Civil Code the suing out of a summons is not made a requisite to the granting of the appeal, and is not necessary to secure one by law, as it is in the other; the cases are not analogous.

We are therefore constrained to the conclusion that the appeal was granted by the clerk of this court against Finnell & Winston on the 28th of January, 1869, within three years

after the rendition of the judgment in their favor, and that the plea of the statute of limitation is not available as a bar to the appeal. And as no reason is shown nor perceived why the opinion, judgment, and mandate of this court, delivered on the 22d of September, 1869, should be modified, changed, or annulled, the same are now adopted as the opinion, judgment, and mandate in the appeal against Finnell & Winston, and are directed to be entered in the court below, and the cause remanded for the court below to make such orders and for such proceedings as are directed in the opinion of this court delivered September 22, 1869.