DANIEL GILLEN *v.* J. T. JONES, ET AL.

**Appeals—Practice.**

The filing of the record in the clerk's office with the names of the parties, appellants and appellees, constitutes the appeal. The suing out of the summons is not the appeal, nor is this step necessary to secure the right of appeal.

**Description of Land in Judgment.**

A judgment will be reversed wherein a sale of real estate is decreed, where the land is not described in the judgment.

APPEAL FROM BATH COURT OF COMMON PLEAS.

March 6, 1877.

OPINION BY JUDGE PRYOR:

The statute of limitations is no bar to the appeal. The suing out of the summons is not the appeal nor necessary to secure the right. The filing of the record in the clerk's office with the names of the parties, appellants and appellees, constitutes the appeal. See *Jones's Ex'x v. Finnell & Winston,* 8 Bush 25.

While this court would not reverse for the reason that the appearance of the appellant, Gillen, had been improperly entered, upon no other condition than his own affidavit, and that made long after the judgment was rendered, yet, as the judgment must be reversed for other reasons, we think the fact of this case demanded that the question of the payment of the money on the sale bonds of Gillen should be investigated, and an issue allowed as to Gillen's indebtedness to Jones.

The affidavit of the appellant is not controverted, and he swears that the whole of the money was paid out of his own means, and that he was not indebted to Jones, in whose favor the judgment by de-

fault was rendered against Gillen. Besides, the petition of Thompson Jones against Gillen is in the nature of an original action. Although he was the surety of Gillen on the sale bonds, it may be that he was interested in the purchase, a question we cannot decide upon the facts before us. When this petition was filed his rights became hostile to those of Gillen, and the appearance even of Gillen to the petition at the same time did not authorize the judgment without consent. Gillen was certainly the ostensible purchaser of the land and should be heard. The land is not described in the judgment or in the report of the commissioner,. and for this reason, if no other, the judgment should be *reversed.* The cause is now remanded with directions to set aside the sale and permit the appellant to respond to the petition of Thompson Jones. This reversal applies alone to the judgment of the 23d of September, 1873, as the appeal is from this judgment only.

Judge Elliott not sitting.

*B. D. Lacy, Peters & Brock, for appellant.*

*Nesbitt & Gudgell, Reid & Stone, for appellees.*