*S. M. Burdett, Lyttleton Cooke, for appellant.*

---

### A. L. GREER *v.* ISAAC SPENCER.

[Abstract Kentucky Law Reporter, Vol. 3—469.]

**Time Within Which Appeal May Be Taken.**

> One desiring to appeal from a judgment of the city court to the circuit court may do so by filing a transcript and executing an appeal bond, at any time within sixty days after the judgment is taken, the day of judgment being counted as one.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

December 3, 1881.

OPINION BY JUDGE HARGIS:

The appeal was taken on the 31st of December to the circuit court from a judgment rendered in the city court on the 2nd of November. The 60 days had not expired when the appeal was taken. Civil Code (1876), § 729, provides that "No appeal shall be taken * * * except within 60 days from the rendering of the judgment." The rendering of the judgment is the act from which the appeal is taken, and the time for taking the appeal embraces the day on which the judgment was rendered; but so long as any part

of the sixty days remains unexpired the time for taking the appeal is not out, and a party may prosecute an appeal taken on any day of the sixty days allowed by law.

The appellant filed a transcript, and executed an appeal bond; the clerk issued a supersedeas to the city court and a summons to the county in which the judgment was rendered. This was all that the law required the appellant or the clerk to do in order to take the appeal. The fact that the appellee lived in another county than the one to which the summons was issued could not destroy the appeal, as the summons might have been lawfully executed had appellee remained or come into the county; and besides this, if the appellee had not entered his appearance to dismiss the appeal it could never have been lawfully tried without a summons having been served upon him.

There was no bad faith shown upon the part of appellant in causing summons to issue to the county wherein the judgment was rendered and trial had. In fact, it was not unreasonable to suppose that summons might be executed upon appellee in that county, notwithstanding he resided in another.

Wherefore the judgment is *reversed* and cause remanded with directions to overrule the motion to dismiss the appeal.

*B. J. Peters, Tyler & Hazelrigg, for appellant.*

*J. J. Cornelison, for appellee.*

[Cited, *Brown v. Bennett,* 102 Ky. 518, 19 Ky. L. 1579, 44 S. W. 85; *Board of Councilmen v. Farmers' Bank,* 105 Ky. 811, 20 Ky. L. 1635, 49 S. W. 811.]