Commonwealth v. Murphy.

---

CASE 8—INDICTMENT—OCTOBER 19.

# Commonwealth v. Murphy.

APPEAL FROM MARION CIRCUIT COURT.

SALE OF LIQUOR ON ELECTION DAY.—As the fraction of a day is not regarded in law, the sale or gift of spiritous, vinous or malt liquors at any time during the twenty-four hours of an election day must be held a violation of section 154 of the Constitution, which requires the General Assembly to prescribe such laws as may be necessary for the restriction of the sale or gift of spiritous, vinous or malt liquors "on election days," as well as of the statute enacted in pursuance thereof, which prohibits the sale or gift of such liquors "upon the day" of any general or primary election.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

In the absence of any qualification the legal day means from twelve o'clock midnight until twelve o'clock midnight. There are no fractions of a day

Commonwealth v. Murphy.

in¡ the law.    (Sec. 10 of art. 13, Election Law, Acts 1891–92–93, p. 168.)

WM. E. & S. A. RUSSELL for appellee.

1. The statute forbidding the selling or giving of liquor on election day is unconstitutional, as under it liquor can not be used on that day for medicinal or sacramental purposes.
2. Election day ends at four P. M., and after that hour liquor may be sold without violating the election law.  A calendar day was not in the contemplation of the framers of the Constitution or of the Legislature. (Con. of Ky., secs. 148, 154; sec. 10 of art. 13, Election Law.)

JUDGE LEWIS delivered the opinion of the court.

G. W. Murphy, now appellee, was indicted for violation of section 10, article 13, of chapter on Elections, Acts of 1891–92–93 (Kentucky Statutes, sec. 1575), which is as follows: "Whoever sells, loans, gives or furnishes to any person or persons, either directly or indirectly, spiritous, vinous or malt liquors, or any other intoxicating drink, in any precinct, town, city or county of this Commonwealth *upon the day* of any general or primary election therein, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined the sum of not less than twenty-five nor more than fifty dollars for each offense, which may be recovered by proceedings in any court of competent jurisdiction, or by indictment in the circuit court.  It shall be the duty of the circuit judges throughout the Commonwealth to make special mention of this section in charge to the grand juries of said courts."

The evidence on trial of defendant showed that *between nine and ten o'clock p. m.*, November 8, 1892, being day of the presidential election, he gave a drink of whisky to a person, and thereupon the court instructed the jury to find for him, which was done.  So that the only question on this appeal by the Commonwealth is whether the gift

Commonwealth v. Murphy.

of liquor, as proved, was made in terms and meaning of of the statute upon the *day* of a general election.

Section 148 of the Constitution provides that "all elections by the people shall be between the hours of six o'clock A. M. and seven o'clock P.. M., but the General Assembly may change said hours," which has been done, and four o'clock P. M. is the time prescribed by statute when voting on an election day shall cease.

Section 154 made it the duty of "the General Assembly to prescribe such laws as may be necessary for the restriction or prohibition of the sale or gift of spiritous, vinous or malt liquors *on election days.*"

An election day, or the day of any general or primary election, would, in legal contemplation, mean twenty-four hours, including the period during which the election is actually held; for it is a maxim applicable to every transaction or occurrence that the fraction of a day is not regarded in law. And, consequently, the sale or gift of spiritous, vinous or malt liquors at any time during the twenty-four hours of an election day must be held an infraction of section 154 of the Constitution, as well as of the statute enacted in pursuance of it, unless we assume, contrary to the language used, and without reason, that it was intended such sale or gift might be made with impunity up to a moment before beginning of the voting, though the people had assembled for the purpose, and immediately after close of the polls, though a crowd still remained on the ground.

The objection to the statute, that it prohibits the sale or gift of liquor for medicinal or sacramental purposes, even if well founded, can not be relied on or avail defend-

ant Murphy, as it is apparent he had neither purpose in view.

In our opinion it was error to give the peremptory instruction mentioned; and the judgment is reversed and cause remanded for proceedings consistent with this opinion.