# Board of Councilmen of the City of Frankfort v. Farmers Bank of Kentucky.
## Same v. Bank of Kentucky.

APPEALS FROM FRANKLIN CIRCUIT COURT.

APPEALS—MOTION TO DISMISS—COMPUTATION OF TIME.—An appeal granted by the clerk of this court on the 21st of January, 1898, from a judgment rendered Jan. 21, 1896, is too late within the meaning of the statute which provides that· "An appeal shall not be granted, except within two years next after the right to appeal first accrued."

T. N. LINDSEY FOR THE BANK OF KENTUCKY. (D. W. LINDSEY AND HUMPHREY & DAVIE, OF COUNSEL), in support of the motion to dismiss, cited: Civil Code, secs. 734, 745; Stockton's · Admr. v. Johnson, 6 B. M., 409; Chiles v. Smith, 13 B. M., 460; Batman v. Megowan, 1 Met., 533; Long v. Hughes, 1 Duv., 387; White v. Crutcher, 1 Bush, 472; Mooar v. Covington City Natl. Bank, 80 Ky., 305; Handley v. Cunningham's·Trustee, 12 Bush, 401; Mallory v. Hiles, 4 Met., 53; Bellaries v. Hester, 1 Lord Raymond, ——; The King v. Adderly, 2 Doug., 463; Norris v. The Hundred of Cantris, 1 Brownlow, 156; Wood v. Patrick and Wife, Hardin, 457.

W. S. PRYOR AND JOHN W. RODMAN, FOR THE FARMERS' BANK OF KENTUCKY, on motion to dismiss, cited: Stockton's Admr. v. Johnson, 6 B. M., 409; Chiles v. Smith, 13 B. M., 460; Batman v. Megowan, 1 Met., 533; Mallory & Co. v. Hiles, 4 Met., 53; Long v. Hughes, 1 Duv., 387; White v. Crutcher, 1 Bush, 472; Mooar v. Covington City Natl. Bank, 80 Ky., 305; Handley v. Cunningham's Trustee, 12 Bush, 401.

T. H. CROCKETT, CITY ATTORNEY, AND W. H. JULIAN AGAINST THE MOTION TO DISMISS.

Citations: Civil Code, secs. 681, 102, 104, 105, 106, 461, 463; Morton's Heirs v. Ridgeway, 3 J. J. M., 256; Sanders' Heirs v.

**812** KENTUCKY REPORTS. [Vol. 105

Board of Councilmen of Frankfort v. Farmers' Bank of Kentucky.

Norton, 4 Mon., 474; Pyle v. Maulding, 7 J. J. M., 207; Mooar
v. Covington City Natl. Bank, 80 Ky., 305; Wood v. Patrick,
Hardin, 457; Pollard v. Yoder, 2 A. K. M., 264; Ogden v. Red-
man, 3 A. K. M., 234; 7 Mon., 521; Bowling Green v. Elrod, 14
Bush, 216; Wood on Limitations, pp. 144, 5, 6 and 157; Moss,
&c. v. Hall, 79 Ky., 40; Code of 1854, secs. 752, 876 and 884.

In this case the original opinion was set aside and the follow-
ing opinion by Judge DuRelle was delivered in response to
a petition for a rehearing.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

In each of these two cases the judgment appealed from
was rendered January 21, 1896, and the appeal was granted
by the clerk of the Court of Appeals, upon application of
appellant, January 21, 1898. In each case the plea of limi-
tation is filed, and motion made to dismiss the appeal, un-
der section 745 of the Civil Code, which provides: "An
appeal shall not be granted, except within two years next
after the right to appeal first accrued."

In Smith v. Cassity, 9 B. Mon., 192, [48 Am. Dec., 420],
where the decree was rendered on the 25th day of Septem-
ber, 1845, and the writ of error sued out on the 25th day
of September, 1848, it was held that the then-existing per-
iod of limitation of three years had not expired, the court
using the following language: "The universal rule of com-
puting time from one day to another is to exclude one and
include the other."

But in Chiles v. Smith's Heirs, 13 B. Mon., 460, the final
decree was rendered on October 18, 1848, and the writ of
error sued out October 18, 1851. The statute was, in lan-
guage, similar to the existing statute, and provided that no
writ of error should be sued out, "except in three years
next after the judgment or final decree, and not there-
after." The court, in a very carefully considered opinion by

Vol. 105]          JANUARY TERM, 1899.          **813**

Board of Councilmen of Frankfort v. Farmers' Bank of Kentucky.

Judge Simpson, in which the then-existing authorities were discussed, said: "If the day in which the decree is rendered is to be included in the computation of the time, then the three years had expired on the 17th of October, 1851, and the bar was complete when the writ of error was sued out. The rule in regard to the computation of time seems to be that, when the computation is to be made from an act done, the day in which the act was done must be included, because, since there is no fraction in a day, the act relates to the first moment of the day in which it was done; but, when the computation is to be from the *day* itself, and not from the *act done*, there the day in which the act was done must be excluded"

But it is urged that section 681 of the Code of Practice has changed the rule. That section reads as follows: "If a certain number of days be required to intervene between two acts, the day of one only of the acts may be counted."

After a careful reconsideration of the question here presented, we are unable to see that the Code section just quoted applies to the question before us.

It was intended to apply to cases like the one presented in Fehler v. Gosnell, 18 Ky. Law Rep., 238, [35 S. W., 1125], where the statute under construction provided that fourteen days must elapse between the passage of an ordinance by the board of council and by the board of aldermen of the city of Louisville.

Moreover, the law embodied in section 681 appears to have been first adopted in 1854, and to have been continued from that time down to the present, notwithstanding which the rule of construction announced in the case of Chiles v. Smith's Heirs has been repeatedly reaffirmed by this court, down almost to the present day.

In Batman v. Megowan, 1 Metc. (Ky.), 544, decided in 1858, the statute required notice of an application to contest the election to be given within ten days after the final action of the board of examiners. They acted on the 6th; and, on the authority of Chiles v. Smith's Heirs, notice given on the 16th was held too late.

Counsel for appellant called attention to the fact that in that case it was held (page 549) that the part of the statute which directs the sheriff to deposit the poll-books within two days *next* after the election had effect to exclude the day of the election. This, however, was done upon the peculiar phraseology of the statute, the court holding that the two days *next* after the election meant the two next or following days.

In Mallory v. Hiles, 4 Metc., (Ky.), 53, decided in 1862, the Chiles case was referred to with approval.

In Long v. Hughes, 1 Duv., 387, decided in 1864, in considering the section (371) of the Civil Code which required the application for new trial to be made within three days after the verdict or decision was rendered, it was said, through Judge Williams: "Doubtless, the day on which a verdict or judgment is rendered should be computed; for, as said in Chiles v. Smith's Heirs, 13 B. Mon., 460, 'when the computation is to be made from an act done, the day in which the act was done must be included,'" And this has always been the construction placed upon the provision as to new trials.

In White v. Crutcher, 1 Bush, 472, decided in 1866, the rule laid down by Judge Simpson was again applied to section 371 of the Civil Code, providing when motions for new trial might be made.

In Wood v. Com., 11 Bush, 220, decided in 1875, the rule was again approved; and again in Handley v. Cunning-

ham's Trustee, 12 Bush, 402; and again in Mooar v. Covington City National Bank, 80 Ky., 308, decided in 1882; and again in Com. v. Shelton, 99 Ky., 120, [35 S. W., 128], decided in 1896. The same question was distinctly decided in Greer v. Spencer, 3 Ky. Law Rep., 469, decided in 1881.

It is urged by counsel that the right to appeal by suing out the appeal in the office of the clerk of this court does not accrue until after the end of the term at which the judgment is rendered. But we are clearly of opinion that the language used was intended to refer to the first accrual of the *right* of appeal; for the question of whether the appeal can be obtained from the lower court or from the office of the clerk of the Court of Appeals is one merely of precedure, and not of right.

It is further objected that, having once acted upon the motion to dismiss by overruling it, the court should not now reconsider the question (which had been determined by interlocutory order) upon a petition for rehearing. But we are clearly of opinion that the court has power over such orders, within the term; and, so far as that is concerned, the petition for rehearing might be treated as a renewal of the motion.

For the reasons given, the former opinion herein is withdrawn, and both appeals are dismissed. The whole court considered this case.