# Reesor v. Southern Planing Mill & Lumber Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

MOTION TO DISMISS APPEAL OVERRULED.

APPEALS—STATUTE OF LIMITATIONS—COMPUTATION OF TIME.

Held:   In an ordinary action the limitation of two years as to the granting of an appeal, runs only from the time the motion for new trial was overruled, as any appeal prosecuted prior to that time would not present for review any error occurring on the trial.

MATT O'DOHERTY AND BENNETT H. YOUNG, FOR APPELLANT.

FRED FORCHT, JR. FOR APPELLEE.

      (No briefs.)

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY, OVERRULING MO-
TION TO DISMISS APPEAL.

The appellee in this case pleads the statute of limitation against this appeal, and alleges that the judgment was rendered December 8, 1899, and that the suit was in behalf of the appellant, and more than two years had elapsed next after the right first accrued to the appellant before the granting of the appeal, wherefore it prays that the appeal be dismissed.   The appeal was granted by the clerk of this court December 16, 1901.   The reply of the appellant alleges that the judgment was rendered December 8, 1899, but that within three days from the rendition of said judgment the appellant, who was the plaintiff in the court below, entered a motion in said court for a new trial, and filed grounds in support thereof, as shown by the records herein, and the said motion was duly assigned for hearing

Reesor v. Southern Planing Mill & Lumber Co.

to December 20, 1899, and was on said date duly heard and submitted to the court, and said motion was thereafter, on January 6th, overruled by the court; that said motion so made and entered suspended the said judgment until the 6th of January, 1900, and that said judgment did not become operative or in force until said date; that the appellant's right to appeal therefrom did not accrue to him until said motion was disposed of as aforesaid, and appellant filed and prosecuted this appeal herein within two years from said date. It is further alleged that the appellant was then, and is still, an infant under the age of 21 years.

To this reply the appellee entered a demurrer, and this motion is submitted upon the demurrer. It is insisted for appellee that the right to appeal accrued to appellant upon the rendition of the judgment on December 8, 1899. It is further insisted that the Code of Practice, which says that an appeal must be taken within two years from the time the right to appeal first accrued, means that an appeal must be taken within two years from the rendition of the judgment, and that the rendition of the judgment dates from the return of the verdict by the jury, or the judgment rendered in the action. Numerous authorities are cited by appellee in support of its contention, but we fail to see that any of them decides the precise question now before the court. It is true that the appellant might have prosecuted an appeal from the judgment without filing grounds or entering a motion for a new trial, but the entire proceedings of the court could not have been brought before this court for a review without a motion and grounds for a new trial, and the decision thereon. It is well settled that a motion for a new trial suspends the judgment, and during the pendency of such motion there is neither in

fact nor in law a judgment existing from which an appeal could be prosecuted,—in other words, there is, in law, no judgment in force. If appellant, after entering his motion for a new trial had prosecuted an appeal, we apprehend that his appeal would, upon motion, have necessarily been dismissed, as there would have been no final order from which he could prosecute an appeal. It would be a very harsh and unreasonable rule to require the appellant to prosecute an appeal which could be considered only as to whether the judgment was supported by the pleadings, when various other errors might exist upon which he could only rely after first filing grounds for a new trial and preparing a bill of exceptions. There is nothing in this case to indicate that the appellant was at all responsible for any delay in having the motion for a new trial disposed of. In fact, it was not unreasonably delayed. Our conclusion is that appellant was entitled to prosecute an appeal within two years from the date upon which his motion for a new trial was overruled.

The demurrer to the reply is overruled, and motion to dismiss the appeal is also overruled.