CASE 14.—ACTION BETWEEN SYLVESTER NEWTON AND OTHERS AND J. C. OGDEN AND OTHERS INVOLVING THE VALIDITY OF A LOCAL OPTION ELECTION.—June 11.

# Newton, Etc., v. Ogden, Etc.

Appeal from Pulaski Circuit Court. .

M. L. JARVIS, Circuit Judge.

From the judgment defendants appeal—Affirmed.

Intoxicating Liquors—Local Option Election—Time for Holding.— Under Ky. Stats., 1903, Sec. 2555, providing that local option elections shall not be held within thirty days, next preceding or following any regular political election, the day of the latter election is to be included.

THOMAS Z. MORROW, MORROW & MORROW and O. H. WADDLE for appellants.

## AUTHORITIES CITED.

1. Is the statute mandatory: Cyclopedia of Law and Procedure, vol. 23, 39; Commonwealth v. King, 86 Ky., 456; Wilson v. Hines, 99 Ky., 221; Reynolds v. Commonwealth, 106 Ky., 37; Doores v. Varnon, 95 Ky., 507.

2. Computation of time: Batman v. McGowan, 1 Met., 548; Long v. Hughes, 1 Duv., 387; Board of Council, etc., v. Farmers' Bank, 20 Ky. Law Rep., 1635; Sapp v. Merrill, 8 Kans., 667; Richards v. Clark, 124 Mass., 491; Ward v. Walters, 63 Wis., 39.

3. Is the election a day or an act: Murphy v. Commonwealth, 95 Ky., 39; as to the effect of the omission "day" in sec. 2555; Const., sec. 61; Ky. Stats., secs. 1515, 1516, 1520, 1596; Sedgewick on Construction of Statutes, notes to pages 225-226.

4. Is Batman v. McGowan a dictum; and if so, its force: Black on Interpretation of Laws, 298.

JAMES DENTON, WESLEY & BROWN, V. P. SMITH, SHARP, BETHURAM & COOPER for appellees.

The rule in regard to the computation of time, either under the common law or by statute, seems to be that when the computation is to be from the act done, the day on which the act is done must be included, but when the computation is to be from the day itself, and not from the act done, then the day on which the act is done must be excluded: Pollard v. Yodem, 2 A. K. M., 264; Geneva Cooperage Co. v. Brow, 30 Ky. Law Rep., 273; Childs v. Smith, 13 B. M., 460; Board v. Bank, 106 Ky., 811; Owen v. Howard, 87 Ky., 571; Commonwealth v. Shelton, 99 Ky., 120; Lebus v. The Wayne Co., 14 Ky. Law Rep., 794; Wilson v. I. C. R. R. Co., 29 Ky. Law Rep., 148.

This rule being well established, the query comes, does "such regular political election," found in Sec. 2555, Ky. Stats., mean an act or a day? And to properly answer the query, it is necessary to fully understand the true meaning of the word "election." It is defined by Webster to be "the act of choosing; the act of choosing a person to fill an office as by ballot, as the election of president or mayor."

### ADDITIONAL AUTHORITIES.

Civil Code, sec. 681; Ky. Stats., sec. 453; 20 Ky. Law Rep., 1635; 9 B. Mon., 192; 4 Met., 53; 13 B. Mon., 460; 13 Ky. Law Rep., 973.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In treating of the day on which local option elections shall be held, section 2555 of the Kentucky Statutes for 1903 provides that "they shall not be held on the same day with any regular political election, nor within thirty days next preceding or following any such regular political election." In the city of Somerset a local option election was held on the 6th day of December, 1906. The general election was held on November 6, 1906. The election was contested upon the sole ground that it was held

within 30 days next following the regular election. If the day on which the regular election was held is to be included in the computation of time, the local option election was not held within 30 days. If the date of the regular election is excluded, it was within the prohibited time. So that the controversy depends on the question whether November 6th is to be included or excluded.

The manner of computing time, when it becomes a question as to whether it shall be computed from an act done or the day upon which it was done, is altogether a matter of construction, in the absence of a statute controlling it, and different rules have been adopted by courts of last resort; but in this State it has been settled by numerous adjudications that, when the computation is to be made from an act done, then the day on which it is done must be included; but if it is to be made after or from the day itself, the day must be excluded. Moar v. Covington Bank, 80 Ky. 305, 3 Ky. Law Rep. 674; Chiles v. Smith, 13 B. Mon. 461; Handley v. Cunningham, 12 Bush, 401; Wood v. Commonwealth, 11 Bush, 220; Board of Council v. Farmers' Banks, 49 S. W. 811, 105 Ky. 811, 20 Ky. Law Rep. 1635; Long v. Hughes, 1 Duv. 387; Geneva Cooperage Co. v. Brown, 98 S. W. 279, 30 Ky. Law Rep. 272, 124 Ky. 16. If the regular election in the meaning of the statute is to be considered as an act done, then the day upon which it was done must be included. On the contrary, if it is to be regarded as a day or date, and not an act, then it must be excluded. The word "election" signifies any choice, whether it be by an officer, by a vote of the people, or by a board having the power of appointment, or otherwise; and it applies to a choice in other matters than the selection of an officer, as

where other questions are submitted to the vote of the people. 1 Words & Phrases; 10 American & English Encyclopedia of Law, p. 562; 15 Cyc. p. 279; Webster's Dictionary, tit. "Elections." Guided by this definition of the word "election," which is generally accepted and. approved, we conclude that, · as used in the statute under consideration, the word "election" means the act of holding an election. The fact that the regular election occupies the whole time between the hours of 6· in the morning and 4 in the afternoon does not militate against the deduction that · it is an act, as the length of time required in the performance of an àct is not material if it be one continuous thing. An election of an officer by a body as the council of a city, or the Legislature of the State, although it might not occupy more than five minutes, would be an election according to the accepted definition of the word, as much so as a political election at the polls that occupied the greater part of a day. An act might occupy a minute, as in the service of process, or an hour, as in entering a judgment, or six hours, as in making a sale. But nevertheless the thing done would be an act, and in computing the time the day upon which it was done must be included. It would not do to say that the time occupied in completing the act should have any weight in determining whether it was an act or not, as this would involve the matter in inextricable confusion and uncertainty.· Holding an election is as much an act as making a motion for a new trial, or prououncing judgment upon a verdict, or issuing an execution, or prosecuting an appeal.

It will be observed that the· election is not to be held within 30 days next preceding or following "any such regular political election·" If the statute had

read "nor within thirty days next preceding or following the date of any such regular political election," or "nor within thirty days next preceding or following any such regular political election day," then by its terms the day upon which the political election was held must be excluded, as such would be the manifest legislative intent. Thus, in Commonwealth v. Shelton, 99 Ky. 120, 18 Ky. Law Rep. 30, 35 S. W. 128, where it was contended that an election was held sooner than 60 days after the application for the election was lodged with the judge, the court, in holding that the day upon which the application was lodged must be included, said: "The act provides that the election shall not be held earlier than 60 days after the application is lodged with the judge. It does not say 60 days after the day on which the application is made, but says after the application is lodged. The time begins to run after the act of lodging the application, not after the day on which the application is lodged. Estimating the 60 days, the day on which the application for the election is made must be excluded." In Chiles v. Smith, 13 B. Mon. 460, in computing the time which would bar a writ of error to this court from a judgment, it was held that the day on which the judgment was rendered must be included; the court saying: "So in this case, the language of the statute being that no writ of error shall be sued out except in three years next after the judgment or final decree, the day upon which the decree was rendered must be included and regarded as the first day of the three years. If the language of the statute had been that no writ of error should be sued out except in three years next after the day on which the judgment or decree was rendered, then as the computation would have been

from the day itself, and not from the act done, the
day on which the decree was rendered would have
been excluded.'' In Batman v. McGowan, 1 Metc.
533, the court, after approving the rule that, when
the computation of time is to be made from an act
done, the day on which it was done must be included
—and this was the question before the court, for
decision—by way of argument, said: ''That part of
the statute, however, which directs the sheriff to
deposit the poll-books within two days next after the
election evidently excluded the day of election, and
the two next or following days are the days referred
to.  As the election occupies, oris supposed to occupy,
the whole of the day on which it takes place, the
expression 'within the two days next following the
election' clearly means the two days next after the
day of election,  And, as both of these days are in-
cluded in the time allowed in depositing the poll-
books, the last one of the two, as well as the day after the
election, must be excluded in computing the interven-
ing time, so as to leave two whole days.  This, there-
fore, may be regarded as one of the exceptions to the
general rule growing out of the peculiar language
used and the manifest intention of the Legislature.''

The court was evidently induced to adopt this con-
struction in view of the necessity for allowing two
full days in which the officers might deposit the poll-
books.  In 1858, when this opinion was delivered,
some of the counties of the State were large, the
means of communication was difficult, and it would
be attended with unnecessary inconvenience to re-
quire pollbooks to be carried from remote precincts
to the county seat on the day following the election,
and therefor in construing this statute to carry out
the purpose of the Legislature, and allow the election

officers a convenient time in which to perform their duties, they were given two full days; the statute being liberally construed to accomplish this purpose, and for the same reason it has been so construed ever since. Just as in motion for a new trial where only three days are allowed; and in cases of felony in which it is provided that judgment shall not be pronounced until two days after the verdict is rendered Sundays are excluded, upon the ground that it was the intention of the Legislature to allow three full days, although generally when the time is more than one week, intervening Sundays are counted. Long v. Hughes, 1 Duv. 387; O'Brien v. Commonwealth, 89 Ky. 354, 12 S. W. 471, 11 Ky. Law Rep. 534. But there is no reason or necessity for applying this rule of construction to a case like this. Nor are the views here expressed at all in conflict with the opinion in Commonwealth v. Murphy, 95 Ky. 38, 23 S. W. 655, 15 Ky. Law Rep. 411, 16 Ky. Law Rep. 224, holding it to be unlawful to sell liquor at any time during the 24 hours of election day under a statute prohibiting the sale of such liquors upon the day of any general or primary election. The statute expressly uses the word "day," and does not confine the prohibition to the hours during which the election is held, or to the act of holding the election. And it may be laid down as a settled rule in this State that when the statute does not expressly exclude the day upon which an act is done, however much time may be occupied in the performance of the act, the day upon which it takes place must be included in the computation of time, unless the time between two dates is so short as to make it necessary for the convenient conduct of the business that the day upon which the act was

done must be excluded in order to allow the longest time possible.

The lower court having adjudged that the day upon which the regular November election was held must be included, its judgment is affirmed.