CASE 9.—ACTION BY JULIA DAVIS AGAINST THE CAT-
LETTSBURG-KENOVA-CEREDO WATER CO.

# Davis v. Catlettsburg-Kenova-Ceredo Water Co.

Appeal from Boyd Circuit Court.

S. G. KINNER, Circuit Judge.

Judgment for defendants, appeal granted after
plaintiff's death. Motion to dismiss appeal denied
and motion to revive the appeal in the name of the
administrator granted.

1. Appeal and Error—Time to Appeal—Statutes—The time
within which to appeal under Civ. Code Prac. Sec, 745, de-
claring that an appeal shall not be granted, except within two
years after the right to appeal first accrued, etc, begins to
run against the defeated party when the judgment was ren-
·dered, and it continues· to run until the two years expire, and
where the appeal is not taken within two years it is barred
by limitation, notwithstanding the death of the defeated party
during the two years.

2. Appeal and Error—Death of Party—Effect—"Privy."—Under
Civ. Code Prac. Sec. 734, providing that an appeal shall be
granted as a matter of right on the application of either party
or his "privy," on filing with the clerk a copy of the judg-
ment. and section 745, declaring that an appeal shall not be
granted except within two years next after the right to ap-
peal first accrued. the attorneys representing the estate of
the deceased defeated party may within two years after
judgment file a copy of the judgment and take out the appeal,
acting for the estate, and thereafter the administrator may
revive the appeal in his name as administrator; the word
"privy" including those claiming under the party such as
heirs and devisees.

DINKLE & PRICHARD and S. S. WILLIS for appellant .

BROWN & MARTIN and J. J. MONTAGUE for appellee.

OPINION OF THE COURT BY JUDGE HOBSON.

A judgment was entered in the Boyd circuit court on August 27, 1907, in this action, in favor of the defendants. The plaintiff, Julia Davis, entered a motion for new trial, which was overruled on September 3, 1907, and she was ganted an appeal to this court. She died on April 15, 1909. On August 20, 1909, a copy of the judgment was filed with the clerk of this court, and an appeal was granted. On October 25, 1909, W. M. Prichard qualified as the administrator of Julia Davis, and has entered a motion to revive the appeal in his name as administrator, the appellees have entered a motion to dismiss the appeal, and the case has been submitted on these motions.

Julia Davis did not prosecute the appeal granted her in the circuit court, and that may be regarded as abandoned. By section 745 of the Civil Code of Practice an appeal shall not be granted except within two years next after the right to appeal first accrued, subject to certain exceptions as to infants, persons of unsound mind, etc. But there is no exception in favor of one who dies after the rendition of the judgment and before the taking of the appeal. The statute began to run against Julia Davis when the judgment was rendered, and, there being no exception in the statute covering the matter, it continued to run until the two years expired; and if the appeal was not taken within two years it was barred by limitation. By section 734 an appeal shall be granted as a matter of right by the clerk of this court on application of either party or his privy, upon filing in the office of the clerk a copy of the judgment from which he appeals. In Spalding v. Wathen, 7 Bush, 659, it was

held, when the plaintiff died after judgment in the circuit court and before the appeal was prosecuted, that the judgment of this court, where no revivor was had, was not void, and could not be attacked collaterally. In that case it was pointed out that regularly the appeal should have been revived in the name of the personal representative; but it was strongly intimated that the fact that the appeal was not revived would have been no cause for setting aside the judgment, even in that case. In Jones v. Finnell, 8 Bush, 25, it was held that an appeal is taken when a copy of the judgment is filed before the clerk of this court, although no summons is then issued. In Deppen v. Immohr, 119 Ky 413, 84 S. W. 333, 27 Ky Law Rep 43, it was held that the death of the appellee, after appeal and before submission, without any suggestion of his death or revivor against his personal representative, did not render a reversal void. In Buchanan v. Boyd, 120 S. W. 295, the appellee died after judgment and before the copy of the judgment was filed with the clerk of this court. Within a year after the copy was filed with the clerk, the appellant moved to revive the appeal against the devisees of the decedent. Limitation was relied on, as this motion was not made within two years after the judgment was entered; but the plea was held unavailing, and the revivor was allowed.

Under these decisions it is manifest that, if this case had progressed to a final hearing without any suggestion as to the death of Julia Davis, a judgment of this court would not have been void because in fact she had died before the appeal was taken; and, if the judgment would not have been void in that case, it is hard to see upon what principle it can be maintained that the filing of the copy of the judgment

and the granting of the appeal were void, because done after her death, before administration was granted on her estate. The Legislature intended at all hazards that the appeal must be taken within two years from the time the judgment was entered, subject to the exceptions contained in the statute. But it did not contemplate that the estate of deceased persons should be placed at a disadvantage, and, therefore, it was provided by section 734 that the appeal might be granted on the application of either party or his privy. The word "privy" here includes those claiming under the party, such as his heirs and devisees. The attorneys who represent the estate filed the copy of the judgment and took out the appeal acting for the estate. If such a practice were not allowed, then a great loss might be thrown on the estate of a dead person, where he happened to die just before the two years expired, and where no administration was had on his estate until after the expiration of that time.

At common law there could be no suit without a party who sued and also a party who was sued. If the plaintiff was dead when the writ issued, it was void for the reason, as given, that there was nobody to sue. If the defendant was dead when the writ issued, it was also void, for the reason, as given, that there was nobody to be sued. No distinction was attempted to be made between the death of the plaintiff and the death of the defendant; and many writs were thus held void. The writ being void, the judgment entered upon it was also held void, and so many judgments were fruitless. To remedy this, as was pointed out in Spalding v. Wathen, it was provided in our Civil Code of Practice, by section 518, that a

judgment might be vacated or modified for the death of one of the parties before the judgment in the action. At common law, if one of the parties died, all subsequent proceedings had without revivor were void. The statute was intended to do away with this rule, or else it was meaningless, as the court had always power to set aside a void judgment, and has such power under other provisions of the Code. The statute places the death of the plaintiff and the death of the defendant on the same plane; and, therefore, the 'question which is now before us, both at common law and under the statute, is the same in effect as we had before us in Buchanan v. Boyd. We, therefore, conclude that the proper method of getting the case into this court was followed.

The motion to dismiss the appeal is overruled and the motion to revive the action in the name of the administrator is sustained.