## Collins, et al. v. Commonwealth.

(Decided November 11, 1913).

### Appeal from Knott Circuit Court.

Appeal—Jurisdiction of This Court.—The jurisdiction of this court to review judgments regularly entered in circuit courts is conferred entirely by statute, and when the statute conferring the jurisdiction prescribes the time and manner in which an appeal may be taken, we have no jurisdiction, unless the appeal is prosecuted within the time and in the manner provided by the statute; so that however erroneous a judgment entered in a circuit court may be, we have no authority to review it unless the appeal is prosecuted in time.

ALBERT M. ROLLINS for appellants.

W. H. MAY, O'REAR & WILLIAMS and SMITH & COMBS for appellee.

Opinion of the Court by Judge Carroll—Dismissing appeal.

In this action brought in the name of the Commonwealth under section 4076b, of the Kentucky Statutes, to forfeit certain lands owned by the appellants for the alleged nonpayment of taxes, the judgment of forfeiture was rendered in November, 1910, and this appeal is prosecuted from that judgment. The forfeiture statute in subsection 3 (4076d) provides that:

"Either party may prosecute an appeal from such judgment to the Court of Appeals within thirty days after the same may be entered; but if any such appeal be prosecuted, the transcript of the record shall be filed in the Court of Appeals within sixty days after the entry of such judgment; and the hearings upon appeal shall have the same precedence as other Commonwealth cases."

The appeal herein from the judgment was not prosecuted to this court until November 15, 1912, and we see no escape from the conclusion that the motion of the Commonwealth to dismiss the appeal must be sustained.

The jurisdiction of this court to review judgments regularly entered in circuit courts is conferred entirely by statute, and when the statute conferring the jurisdiction prescribes the time and manner in which an appeal may be taken, we have no jurisdiction, unless the appeal is prosecuted within the time and in the manner provided by the statute; so that however erroneous a judgment entered in a circuit court may be, we have no authority to review it unless the appeal is prosecuted in time. Under the circumstances the appellants must seek such relief as they are entitled to, if any relief they can have, in the court that rendered the judgment complained of on this appeal.

The appeal is dismissed.