## Monroe v. Brown.

(Decided October 7, 1915.)

### Appeal from Edmonson Circuit Court.

1. Appeal and Error—Filing of Transcript.—Under section 745, Civil Code, transcript must be filed and appeal granted within two years after the right of appeal accrued.

2. Appeal and Error—When Right of Appeal Accrued.—The right of appeal accrued when the motion for a new trial was overruled, and an extension of time by the lower court in which to file bill of exceptions does not suspend the right of appeal, nor extend time to file transcript.

3. Appeal and Error—Filing of Transcript.—The fact that appellee died after the judgment was rendered, and no personal representative qualified did not present any obstacle in the way of appellant filing his transcript within the prescribed time and reviving the judgment in this court against his real representatives.

M. M. LOGAN and LOGAN & HAZELIP for appellant.

SIMS, RODES & SIMS for appellees.

T. L. EDELEN, guardian ad litem.

OPINION OF THE COURT BY JUDGE NUNN.—Dismissing.

This appeal is dismised on appellee's plea of limitation, because appellant, plaintiff below, failed to file his transcript within two years next after the motion for a new trial was overruled.

The judgment was rendered March 21, 1912, and three days thereafter motion for a new trial was overruled. Time was then given until the following June term in which to prepare and file bill of exceptions. Appellant failed to file transcript in the office of the clerk of this court so that it might be docketed for the second term next after the appeal was granted, as required by Section 738, Civil Code, and no request was made of this court for extension of time. More than two years after the judgment was rendered and the motion for a new trial overruled, that is, on May 14th, 1914, transcript was filed and appeal granted by the clerk of this court.

Section 745 of the Code provides that,

"Appeals shall not be granted except within two years next after the right to appeal first accrued, unless the party applying therefor was then a defendant in the action, and an infant not under coverture; or of unsound mind; or a prisoner who did not appear by his attorney."

Appellant does not show himself to be within the exceptions.

The right to appeal was granted when the motion for a new trial was overruled, and that is when it accrued. The extension of time in the lower court for preparation of bills of exceptions neither suspended the right of appeal nor extended the time for filing transcript here, and, therefore, it will not suffice to file the transcript in this court within two years from the time the bill of exceptions was signed and filed in the lower court. The period is computed from the time when the right to appeal accrued. Newman on Pleadings and Practice, Sec. 680; Davis v. Catlettsburg Water Co., 136 Ky., 67; Board of Council of Frankfort v. Farmers Bank, 105 Ky., 814; Northwestern M. & I. Ins. Co. v. Barbour, 96 Ky., 131; City of Louisville v. Muldoon, 43 S. W., 867, 20 K. L. R., 1576; Louisville Chemical Works v. Commonwealth, 8 Bush, 179; Riser v. Southern Planing Mill Co., 66 S. W., 286.

We cannot entertain jurisdiction to review judgments unless the appeal is presented within the time and in the manner provided by statute. Lane v. Commonwealth, 161 Ky., 329; Collins v. Commonwealth, 155 Ky., 706, 160 S. W., 252; Davis v. Catlettsburg Water Co., 136 Ky., 67.

The fact that appellee, defendant, J. T. Brown, died after the judgment was rendered, and no personal representative qualified presented no obstacle in the way of appellant, Monroe, filing his transcript within the prescribed time and prosecuting his appeal by reviving the judgment in this court against his real representatives. Buchanan v. Boyd's Ex., 131 Ky., 434; Jones v. Finnell, 8 Bush, 25.

The appeal is dismissed.