## McKinster v. Shaffer

(Decided January 23, 1920.)

### Appeal from Carter Circuit Court.

1. Schools and School Districts—Elections—Applicability of Subsection 12, Section 1596a, Governing Election Contests.—Subsection 12, section 1596a, providing that either party to a contested election may appeal by giving bond and "by filing the record in the clerk's office of the Court of Appeals within thirty days after final judgment in the circuit court," applies to contested elections of school trustees.

2. Time—Computation—Excluding First Day.—Where time is counted from a day, the day is excluded, but where it is counted from an act, the day on which the act is done is included in the count.

3. Time—Computation—Elections—Contests—Time for Filing Record on Appeal.—Under subsection 12, section 1596a, providing that either party to an election contest may appeal by giving bond and "by filing the record in the clerk's office of the Court of Appeals within thirty days after final judgment in the circuit court," the time on which the judgment is rendered should be counted as the first day, and where the judgment in an election contest was rendered on January 31st and the record was not filed with the clerk of the Court of Appeals until March 3rd, it was not filed in time.

4. Appeal and Error—Review—Jurisdiction.—The Court of Appeals cannot entertain jurisdiction to review judgments unless the appeal is presented within the time provided by statute.

G. W. E. WOLFORD for appellant.

J. M. WAUGH, FRANK PRATER and FRED M. VINSON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Dismissing the appeal.

On October 5, 1918, Amy McKinster and William Shaffer were rival candidates for school trustee in sub-

district No. 7, of educational division No. 7, of Carter county. William Shaffer was awarded the certificate of election. Amy McKinster then filed a contest in the Carter circuit court. Judgment was rendered in favor of William Shaffer and Amy McKinster appeals.

Appellee has moved to dismiss the appeal on the ground that the record was not filed in the clerk's office of this court in proper time. Subsection 12, section 1596a, Kentucky Statutes, provides that either party to an election contest may appeal by giving bond, and "by filing the record in the clerk's office of the Court of Appeals within thirty days after final judgment in the circuit court," and this statute governs contests growing out of the election of school trustees. Carpenter v. Hale, 159 Ky. 465, 167 S. W. 426. Final judgment in this case was rendered on January 31, 1919, but the record was not filed with the clerk of this court until March 3, 1919. It is settled by numerous adjudications that where time is counted from a day, the day is excluded, but where it is counted from an act, the day on which the act is done is included in the count. Newton v. Ogden, 126 Ky. 101, 102 S. W. 865; Price v. Russell, 154 Ky. 824, 159 S. W. 573. Here, the computation is from the rendition of the judgment, and therefore from an act done. That being true, January 31st, the day on which the judgment was rendered, should be counted, and counting that day, the record was filed on the thirty-second day after the rendition of the judgment, and was therefore not in time. This court cannot entertain jurisdiction to review judgments unless the appeal is presented within the time provided by statute. Monroe v. Brown, 166 Ky. 89, 178 S. W. 1169. It follows that appellee's motion should be sustained.

Appeal dismissed.