## Bramblett, Administrator, et al. v. Commonwealth, et al.

(Decided June 8, 1923.)

### Appeal from Harlan Circuit Court.

1. Appeal and Error—Appeal from a Forfeiture of Patent Title for Non-payment of Taxes Not Filed Within Sixty Days Must be Dismissed.—In an action to forfeit a patent title for non-payment of taxes, brought under Ky. Stats., section 4076d, the last paragraph of which authorizes an appeal from a judgment within thirty days after it is entered, and requires the transcript to be filed in the Court of Appeals within sixty days after the entry of judgment, an appeal not filed or prosecuted in the Court of Appeals until more than sixty days after the entry of the judgment must be dismissed.

2. Appeal and Error—Appeal from Fixing of Fees of Commonwealth's Attorneys on Forfeiture of Patent Title for Non-payment of Taxes Must be Taken Within Sixty Days.—Under Ky. Stats., section 4076e, providing that, if a counterclaim for redemption of a forfeited patent title is filed, the court shall adjudge the amount due, including a reasonable attorney fee for the Commonwealth's attorney, and authorizing appeals from judgments under that section within the time and in the manner and subject to all the conditions provided for appeals under section 4076d, an appeal from a judgment fixing the fee of the Commonwealth's attorney must be dismissed if not filed within sixty days from the entry of the judgment, as required by section 4076d.

O'REAR & FOWLER and FORMAN & FORMAN for appellants.

CHAS. I. DAWSON, Attorney General, J. G. FORESTER and J. H. JEFFRIES for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Dismissing.

In this action instituted in the name of the Commonwealth, under section 4076d of Kentucky Statutes, to forfeit appellants' patent title to certain land for nonpayment of taxes, a forfeiture was adjudged on May 4, 1921, and this appeal is prosecuted from that judgment, as well as another to be considered later herein.

The last paragraph in the above section of the statutes, which prescribes the practice in this kind of case, provides that:

"Either party may prosecute an appeal from such judgment to the Court of Appeals within thirty days

after the same may be entered; but if any such appeal be prosecuted the transcript of the record shall be filed in the Court of Appeals within sixty days after the entry of said judgment; and the hearings upon appeal shall have the same precedence as other Commonwealth cases.''

This appeal was not filed or prosecuted in this court until December 13, 1921, and as this was more than sixty days after the entry of the judgment of forfeiture, the motion of the Commonwealth to dismiss the appeal in so far as that judgment is concerned must be sustained. We expressly so held under like circumstances in Commonwealth v. Stone, 153 Ky. 515, 155 S. W. 1159 and Collins, et al. v. Commonwealth, 155 Ky. 706, 160 S. W. 252.

After the judgment of forfeiture had been entered, appellants filed their counterclaim to be permitted to redeem their forfeited title, as is provided by section 4076e, Kentucky Statutes. A demurrer was filed thereto, and the same has never been acted upon, so far as this record discloses. The court, however, upon motion of the Commonwealth, heard proof and allowed the attorneys for the Commonwealth $4,000.00 for their services in prosecuting the action, and adjudged that same be paid out of the redemption money if the forfeited title should be redeemed, or out of the proceeds of the sale of the title if same should be sold and not redeemed.

By this appeal appellants also seek a review of this judgment.

It is provided in section 4076e, *supra,* that if a counterclaim for redemption of the forfeited title is filed within the time allowed therefor:

''It shall be the duty of the court, upon proper pleadings as in other equity cases, and upon such evidence as may be adduced in the manner authorized by law, to ascertain and adjudge the amount of unpaid taxes, charged, and that ought to have been charged, against the defendant and those under whom he claims, as the owner or claimant of said land, for the fifty years immediately preceding the filing of such counterclaim, and if the court finds and adjudges that said defendant is the owner of the title so forfeited to and vested in the Commonwealth, to enter a judgment against such defendant for a sum equal to the amount of the unpaid taxes charged, and that ought to have been charged, . . . . against

said defendant, and those under whom he claims as the owner or claimant of said land, for said fifty years, together with interest thereupon at the rate of fifteer per cent (15%) per annum from the time of the said unpaid taxes for said several years wre due, and the costs of the preceedings, including a reasonable attorney fee for the Commonwealth's attorney, to be fixed by the court.''

It is then provided that, if the defendant shall pay such judgment, his forfeited title shall be retransferred to him; and that, if he shall not pay same, his forfeited title shall be sold and the amount realized upon such sale shall be used in the payment of costs and commissions, and the remainder, if any, paid to the state and county; and that, if such sale does not produce enough to pay the costs and allowance to attorneys, an action may be maintained upon the bond that is required to accompany the counterclaim. Then follows this provision:

''Appeal may be prosecuted to the Court of Appeals from the judgment of the circuit court under this section within the time and in the manner and subject to all the conditions provided for appeals in section 3 (4076d) of this article, except that the judgment of the circuit court as to the amount thereof shall be final and not subject to appeal.''

The above reference to section 4076d is to that portion of same already quoted herein.

Hence if the order fixing the attorney's fee and giving judgment therefor against appellant before even passing upon the demurrer to its counterclaim or determining its right to redeem is a final and not merely an interlocutory order, and even if it is not within the exception with which the above quotation concludes (questions not now decided), it is clear that an appeal therefrom must have been prosecuted within the time specified in section 4076d—that is, within sixty days from its entry.

As the order allowing the attorney's fee was entered on September 21, 1921, and this appeal was not filed or prosecuted in this court until December 13, 1921, it is apparent the motion of the Commonwealth to dismiss the appeal as to same must also be sustained.

The appeal is therefore dismissed.